J-S61006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DOUGLAS NATHANIEL COLDEN | |
| Appellant | No. 21 MDA 2015 |

Appeal from the PCRA Order December 3, 2014
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000621-2005

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                      **FILED NOVEMBER 30, 2015**

Appellant, Douglas Nathaniel Colden, appeals *pro se* from the order entered on December 3, 2014, in the Court of Common Pleas of Bradford County, which denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Additionally, Colden's court-appointed attorney, Robert G. Fleury, Esq., has filed an application to withdraw his appearance pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).  After careful review, we conclude that none of Colden's claims of ineffective assistance of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

counsel merit relief. Accordingly, we grant Attorney Fleury's application to withdraw and affirm the order dismissing Colden's PCRA petition.

The facts and procedural history may be summarized as follows. Colden was accused of obtaining money at two banks and one grocery store on the same day by requesting repetitive, confusing currency exchanges, known as a "shortchange" scheme. After a jury trial, Colden was convicted of three counts of theft by deception.[2] The trial court later sentenced him to an aggregate term of 42 months' to 12 years' imprisonment.

The trial court denied Colden's post-sentence motions. This Court affirmed the judgment of sentence, and our Supreme Court denied his petition for allowance of appeal.

Thereafter, Colden filed a PCRA petition *pro se*. Attorney Fleury was appointed to represent Colden. The PCRA court subsequently dismissed Colden's petition as meritless, after providing Rule 907 notice. This timely appeal followed.

Attorney Fleury has filed a petition for leave to withdraw and a no-merit letter. Our Supreme Court has summarized the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions as follows.

---

[2] 18 Pa.C.S.A. § 3922.

Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;

2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009) (citations

omitted). Additionally, this Court has added a requirement

that PCRA counsel who seeks to withdraw must contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed pro se or with the assistance of privately retained counsel.

*Commonwealth v. Widgins*, 29 A.3d 816, 818 (Pa. Super. 2011)

(emphasis omitted; citation omitted).

Attorney Fleury complied with the mandates of *Turner* and *Finley*, as

summarized in *Pitts*, as well as with the mandate of *Widgins*. Colden filed

a response to Attorney Fleury's *Finley* letter, as well as a separate "motion

for relief.[3]"   We must now determine whether we agree with counsel's assessments of Colden's claims.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation omitted).   We review the PCRA court's legal conclusions *de novo*. ***See Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

On appeal, Colden raises three ineffective assistance of counsel issues for our review.   In reviewing an allegation of ineffective assistance of counsel, we begin with the assumption that counsel was effective. ***See Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987).   "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*) (citation omitted).   If the petitioner "fails to plead or meet any elements of the above-cited test, his claim must fail." ***Id***. (citation omitted).

---

[3] We deny this motion.  Colden's response adds nothing to our analysis and has no merit.

- 4 -

"Arguable merit exists when the factual statements are accurate and could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination." *Commonwealth v. Barnett*, 121 A.3d 534, 540 (Pa. Super. 2015) (citation omitted).

"[A] defendant [raising a claim of ineffective assistance of counsel] is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" *Commonwealth v. Gribble*, 863 A.2d 455, 472 (Pa. 2004) (citation omitted).

In his first issue, Colden contends that the PCRA court erred in concluding that trial counsel was not ineffective for failing to hire an independent investigator. As to this claim, the PCRA court concluded that Colden could not articulate any specific details as to what an independent investigator would have found and how the outcome of the trial would have been affected as a result. We agree with the PCRA court's reasoning and conclude that Colden has failed to establish that the underlying claim has arguable merit. Thus, Colden failed to establish his claim for ineffective assistance of counsel, and we agree with Attorney Fleury that Colden's first issue merits no relief.

In his second issue, Colden asserts that the PCRA court erred in concluding that trial counsel was not ineffective for failing to object to the identification testimony at trial. The PCRA court rejected this claim on the

basis that it had been addressed by the trial court in Colden's post-trial motions and by this Court on appeal.

This *ineffective assistance of counsel claim* was not previously litigated. "A claim is deemed to be previously litigated under the PCRA if the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." **Commonwealth v. Zook**, 887 A.2d 1218, 1226-1227 (Pa. 2005) (citing 42 Pa.C.S.A. § 9544(a)(2)). In Colden's direct appeal, he asserted that the *trial court* erred by failing to give a **Kloiber** instruction to the jury because the pre-trial identification was unduly suggestive and the identification testimony of the witnesses at trial was unreliable. **See Commonwealth v. Colden**, 1313 MDA 2006, at 3-6 (Pa. Super., filed 8/1/07) (unpublished memorandum). Ineffective assistance of counsel was never at issue on direct appeal. In any event, we agree with the PCRA court that Colden is not entitled to relief. **See Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009) ("[W]e may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.").

In fashioning its holding in Colden's direct appeal, this Court ruled on the underlying merits of the issue at hand when it determined that there was no basis for a cautionary instruction under **Kloiber** because the identification testimony at trial was reliable. The panel further explained that "even if we

were to find that the pre-trial identification was unduly suggestive, the Commonwealth has established an independent basis for these identifications." **Colden**, 1313 MDA 2006, at 5. The panel noted that

> [e]ach witness had a clear opportunity to observe [Colden] face-to-face in close quarters, either across a teller window or cashier's counter. Each incident took place in well-lighted business establishments and was measureable in minutes rather than seconds. Thus, each victim had ample opportunity to observe [Colden]….

**Id**.

Trial counsel had no viable basis upon which to object to the identification. Thus, an assertion that trial counsel was ineffective lacks arguable merit. Colden failed to establish his claim for ineffective assistance of counsel, and we agree with Attorney Fleury that Colden's second issue merits no relief.

Finally, in his third issue, Colden asserts that the PCRA court erred in concluding that trial counsel was not ineffective for failing to object to the testimony of the grocery store clerk. The store clerk testified that on the day that Colden conducted a shortchange transaction at the store, she had been informed by an employee of the Peoples State Bank that Colden had been at the bank and changed a lot of money there as well. **See** N.T. Trial, 5/23/06, at 33-34. Colden argues that counsel should have objected to the statement as inadmissible hearsay, or alternatively, moved for a mistrial on the basis that the statement was overly prejudicial.

The PRCA court concluded that counsel did not err in failing to object to this statement because although the statement constituted hearsay, it was not prejudicial to Colden because it was the testimony of an employee of one of the other victims in the case.

We disagree with the PCRA court's reasoning, but we agree with its conclusion. We do not consider the hearsay statement to be non-prejudicial merely because it was uttered by an employee of one of the other victims in the case. It is clear from the record that the grocery store clerk testified that the bank employee specifically identified Colden as the person who changed a lot of money with the bank. *See id*. This statement was incriminatory of the defendant, and its admission constituted prejudicial hearsay.

Nevertheless, Colden's claim must fail because he has failed to show how counsel's failure to object to the statement had an actual adverse effect on the outcome of the proceedings. Based on our review of the record, we find that the properly admitted evidence overwhelmingly establishes Colden's guilt, and we can find no reasonable probability that had the statement not been admitted, the result would have been different. Thus, the admission of the statement did not result in actual prejudice.

Accordingly, we find that Colden failed to establish his claim for ineffective assistance of counsel, and we agree with Attorney Fleury that Colden's final issue merits no relief.

As a result, we concur with Attorney Fleury's conclusion that Colden's appeal is wholly without merit. We therefore grant Attorney Fleury's application to withdraw, and affirm the PCRA court's order denying PCRA relief.

Order affirmed. Petition to withdraw as counsel granted. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/30/2015