**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Dana WILEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 2008.
Filed Feb. 20, 2009.

E. Brandt Bythrow, New Castle, for appellant.

John J. Bongivengo, Assistant District Attorney, New Castle, for Commonwealth.

BEFORE: BENDER, GANTMAN and POPOVICH, JJ.

OPINION BY BENDER, J.:

¶ 1 Dana Wiley appeals from the January 5, 2007 order that dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–46. We vacate the order that dismissed the PCRA petition and we remand to the PCRA court for further proceedings as explained herein.

¶ 2 Appellant pled guilty to aggravated assault on May 11, 1995. The trial court sentenced Appellant to three to six years' imprisonment on August 21, 1995. This sentence was imposed consecutively to a prior sentence for a separate conviction of armed robbery, which was docketed in the trial court at docket number 1139 of 1994.[1] No direct appeal was effectuated.

¶ 3 However, on February 25, 2000, Appellant filed his first PCRA petition *pro se.* The petition was essentially incomprehensible, but it appeared to allege that certain unspecified evidence was withheld, and it included an appended list of proposed witnesses including Tupac Shaker, Osama Bin Laden, Saddam Hussein, John Walsh (host

---

1. Confusingly, documents filed in the case at docket No. 1139 of 1994 were interspersed within the instant record, which is docketed at No. 1145 of 1994.

of the television show, America's Most Wanted), and Suge Knight (co-founder of Death Row Records). It does not appear that a counseled petition was ever filed. Instead, on the same date, the trial court granted a rule upon the Commonwealth to show cause why a hearing should not be granted on the petition.

¶ 4 In response, on March 6, 2000, Appellant filed a *pro se* document entitled "Appeal of P.C.C.R. Hearing being Deny on prejudice bye Court's [sic]." The trial court entered an order on March 8, 2000, indicating that "upon consideration of the Defendant's 'Appeal of P.C.C.R. Hearing being Deny on prejudice by[] Court's [sic],' it is ORDERED and DECREED that the same shall be filed of record and counsel for the Defendant shall take any action that counsel deems appropriate." Order, 3/8/00. However, as with the initial PCRA petition, it appears that counsel took no action.

¶ 5 Rather, on March 17, 2000, Appellant, again acting *pro se*, filed another roughly comprehensible proposed "Order of Court," in which Appellant appeared to appeal to the Superior Court from the trial court's March 8, 2000 order. Our Court received this documentation from the trial court's prothonotary on March 20, 2000. Not surprisingly, our Court returned the notice of appeal to the trial court prothonotary because it was defective in various ways, for example, the notice failed to include the names and addresses of all counsel and the trial court judge, and the filing failed to include the requisite filing fee or a notice of *in forma pauperis* status.

¶ 6 On May 18, 2000, Appellant filed a *pro se* request to proceed *in forma pauperis* with the trial court. On the same date, Appellant re-filed his *pro se* "Notice of Appeal," seeking to appeal "to Superior Court of Pennsylvania from the order entered in this matter on Aug, 21, 95[sic]"

which was the date Appellant's judgment of sentence was imposed. Thus, at that point, it appeared that Appellant was attempting to take an untimely direct appeal from his judgment of sentence. Appellant included a list of the names and addresses of counsel and the trial court with his notice of appeal. As his own counsel, he listed Harry O. Falls, Esq., who had represented Appellant during his guilty plea proceedings, but who apparently did nothing thereafter. This notice of appeal was forwarded to our Court on May 18, 2000. Appellant filed a *pro se* brief with our Court, the caption of which indicated that he was appealing both the judgment of sentence entered on August 21, 1995, and also the order of February 25, 2000 (which was the trial court's order merely issuing a rule upon the Commonwealth to explain why a PCRA hearing would not be necessary), and the order of March 8, 2000 (which was the order filing of record Appellant's *pro se* "Appeal of P.C.C.R. Hearing being Deny on prejudice bye Court's," and directing Appellant's counsel to take appropriate action). Appellant's appeal from his judgment of sentence was clearly untimely and the other two orders were obviously interlocutory orders that were not even mentioned in the initial notice of appeal. On August 11, 2000, the trial court filed an order summarizing the above filings and indicating that the notice of appeal (apparently taken from his judgment of sentence) divested the trial court of jurisdiction to continue with the outstanding PCRA proceeding.

¶ 7 On January 31, 2001, our Court filed a Judgment Order quashing the appeal. The panel disposing of the appeal treated it as an appeal from the interlocutory orders noted above:

> It is evident from Appellant's brief that he is appealing the trial court's orders of February 25, 2000 and March 8, 2000.

It also appears from the record that Appellant's PCRA proceeding was still ongoing at the time Appellant filed his appeal and that the orders from which Appellant appeals were not instantly appealable.

*Commonwealth v. Wiley*, No. 1059 WDA 2000, unpublished memorandum at 1 n. 1 (Pa.Super. filed January 31, 2001). Despite the confusion with regard to what order Appellant was challenging, we quashed the appeal due to the numerous defects and violations of our rules of appellate procedure contained in the essentially incomprehensible brief Appellant filed pro se with our Court. To add to the confusion in this case, our Court's action was noted on the trial court's docket as affirming the judgment of sentence, even though our judgment order indicated only that the appeal was quashed for a defective brief.

¶ 8 On October 15, 2001, Appellant filed a *pro se* "Motion for inffective [sic] assistance." Although again difficult to comprehend, it appears that Appellant was, understandably, complaining about the abject lack of representation by counsel. On November 29, 2001, the trial court, apparently treating Appellant's ineffectiveness motion as a second PCRA petition, entered the following order:

> [A]fter review of the attached pro se Motion For Ineffective Assistance, the Defendant having filed multiple motions for post-conviction relief and the present motion setting forth no new basis for relief under the Post-conviction Relief Act, it is therefore ORDERED and DECREED that the Defendant's pro se Motion For Ineffective Assistance is DENIED.

Order of Court, 11/28/01. For reasons not apparent from the record, on August 9, 2002, the trial court issued an order permitting George M. Freed, Esq., who was counsel of record at the time, to withdraw his representation, and the court appointed E. Brandt Bythrow, Esq., who remains as current counsel.

¶ 9 From 2002 through 2006, the docket entries consist of various "correspondence" from Appellant. The next relevant document in the record is what has been characterized in this case as a second *pro se* PCRA petition filed by Appellant; however, the petition pertains only to the *other* criminal case docketed at No. 1138 at 1994. Nevertheless, both the trial court and attorney Bythrow treated this filing as a second PCRA petition in the instant case, No. 1144 of 1994. Accordingly, on November 14, 2006, the trial court entered an order indicating that it was in receipt of Appellant's PCRA petition, had reviewed the petition, and found "that there are no genuine issues concerning any material fact and that the Defendant is not entitled to post-conviction collateral relief." Order of Court, 11/14/06. The court indicated that Appellant's "prior motions have been dismissed," that the instant petition was untimely, and that "previous petitions have involved the same issue or issues that were determined adversely to the Defendant ..." *Id.* Accordingly, the order notified the parties of the court's intention to dismiss the PCRA petition as per Pa.R.Crim.P. 907(1). *Id.* On December 22, 2006, Appellant filed a "Nunc Pro Tunc PCCA Notice of an Appeal" from the court's Rule 907(1) order, with an accompanying *pro se* brief.

¶ 10 The PCRA court then issued the following final order, from which Appellant takes the instant appeal:

> AND NOW, this 5th day of January, 2007, the Defendant having filed a Motion for Post–Conviction Collateral Relief, and the Court having issued an Order dated November 14, 2006 finding that there [are] no genuine issues concerning any material facts and that the Defendant is not entitled to Post–Con-

viction Collateral Relief, and that no purpose would be served by any further proceedings, because the Defendant has on prior occasions filed for Post–Conviction Collateral Relief, and the Defendant's prior motions have been dismissed, and that the most recent petition pending is filed well after the one-year statute of limitations in violation of 42 Pa.C.S.A. § 9545(b) and previous petitions have involved the same issue or issues that were determined adversely to the Defendant, and the Court having given notice by said Order of November 14, 2006 to the Commonwealth and the Defendant of the intention of the Court to dismiss the pending petition for the above reasons, and the Defendant having been given by the Court 20 days from the date of the November 14, 2006 Order in which to respond thereto, and the Defendant having failed to respond to the November 14, 2006 Order, it is therefore ORDERED, ADJUDGED AND DECREED pursuant to Pa.R.Cr.P. 907(1) that the Defendant's pending Motion for Post–Conviction Collateral Relief is hereby DISMISSED.

Order, 1/5/07. Thereafter, the record contains various correspondence from Appellant to the trial court, mostly dealing with challenges to court costs and requests to obtain the name and address of appointed counsel.

¶ 11 The record next reveals that on August 6, 2007, Appellant filed a *pro se* "Motion to Reinstate" his right to appeal the denial of his PCRA petition and, although he refers to docket number 1139 of 1994 in the caption of his motion, the motion was docketed with number 1144 of 1994. In any event, the appeal is now before us.

¶ 12 In lieu of an opinion pursuant to Pa.R.A.P.1925(a), the trial court issued an order indicating that its orders dated January 5, 2007 and November 14, 2006 satisfied the requirements of Rule 1925(a). Additionally, the Commonwealth has not filed a responsive brief in this appeal, nor has it notified this Court of its intention regarding whether or not it was planning to file a brief.

[redacted] ¶ 13 In one of the few counseled filings in this case, Appellant, in the brief submitted to this Court on his behalf by Attorney Bythrow, argues that (1) his PCRA petition was timely because it met an exception to the one-year PCRA filing requirement, specifically, the exception at 42 Pa.C.S. § 9545(b)(1)(i); and (2) counsel was "ineffective for failing to raise as an issue the competency of the [A]ppellant in his post-conviction proceedings[.]" Appellant's brief at 4 ("Statement of Questions Involved").

> [O]ur scope of review is limited by the parameters of the [PCRA]. Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error. Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

*Commonwealth v. Blackwell,* 936 A.2d 497, 499 (Pa.Super.2007) (citations omitted).

¶ 14 "We first consider whether the PCRA court erred in finding that the instant PCRA petition was untimely, as the timeliness of the petition implicates our jurisdiction." *Id.* (citing 42 Pa.C.S. § 9545(b)). Appellant relies on the following exception to the general rule that timely PCRA petitions must be filed within one year of the date the judgment of sentence becomes final:

> **(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; . . . .

42 Pa.C.S. § 9545(b)(1). Additionally, "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

¶ 15 Appellant argues that the trial court interfered with the presentation of the claims presented in Appellant's *first* PCRA petition because, on February 25, 2000, when the trial court issued its rule to show cause on the Commonwealth to establish why there should not be a hearing on the petition, Appellant, in an apparent misunderstanding of the order, filed a *pro se* notice of appeal (which eventually resulted in quashal by our Court due to the grossly defective *pro se* brief Appellant eventually submitted, as detailed above). Indeed, Attorney Bythrow argues that Appellant's *pro se* filings, especially his first *pro se* PCRA petition (in which Appellant listed various famous proposed witnesses), were reason enough to "raise questions of [A]ppellant's competence and his ability to bring post-conviction proceedings on his own behalf." Appellant's brief at 9. Indeed, it appears that the trial court did not, at any point in the history of this case, appoint counsel to file a proper, amended PCRA petition. Thus, Attorney Bythrow argues that the trial court "allowed the first post-conviction motion to leave its jurisdiction without ruling on the petition's

merits. The court's inaction interfered with the appellant's claims." *Id.* Appellant concludes that, "[i]f the court had not interfered with [A]ppellant's first Post–Conviction Collateral Relief motion, the second petition would not have been untimely. The issues raised in the first petition would have been resolved and a second petition would not have been necessary." *Id.* at 7. Appellant finally argues that PCRA counsel was ineffective for failing to take any action, especially with regard to the issue of competency, which was an apparent issue given the nature of the *pro se* filings in this case.

■ ¶ 16 Of course, we have the problem that the arguments pertaining to the timeliness exception and Appellant's competency were not raised in what has been characterized as Appellant's second *pro se* PCRA petition (despite the fact that this petition, as noted above, appears to challenge the robbery conviction in the other criminal case). Nevertheless, we note:

It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule. . . . Normally, failure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal. . . . [However,] [t]he Supreme Court of Pennsylvania has recently noted that it has "allowed PCRA petitioners some leeway in the preservation of claims in their petitions when [the Court] determined that the circumstances demanded it."

*Blackwell,* 936 A.2d at 500 (citations omitted).

¶ 17 The circumstances of this case demand such leeway. The condition of the record and accompanying procedural history of this case are deplorable. It appears, upon a review of the certified record provided to this Court, that Appellant was chronically unrepresented by appointed counsel, there was never an amended

counseled PCRA petition filed, and Appellant, apparently forced to act on his own, took appeals from orders that were unappealable and submitted defective briefs and other filings that were all handwritten and all essentially incomprehensible. As Attorney Bythrow notes, the language used by Appellant in his PCRA petitions and other filings "reflects his inability to make rational decisions in post-conviction proceedings." Appellant's brief at 10. Nevertheless, at no point was a counseled PCRA petition ever filed. *See Commonwealth v. Librizzi*, 810 A.2d 692, 693 (Pa.Super.2002) ("[O]nce an appearance is entered, the attorney is responsible to diligently and competently represent the client until his or her appearance is withdrawn."); *Commonwealth v. Lindsey*, 455 Pa.Super. 228, 687 A.2d 1144, 1144–45 (1996) (holding that "[a PCRA] petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claim").

¶ 18 The PCRA court should conduct a hearing "when the petition for post-conviction relief or the Commonwealth's answer, if any, raises material issues of fact." Pa.R.Crim.P. 908(A)(2). We agree with Attorney Bythrow's argument that the *pro se* filings in this case raise a material issue with regard to Appellant's competency. *See also Commonwealth v. Santiago*, 579 Pa. 46, 855 A.2d 682 (2004) (noting that, normally, claims not raised in trial court are waived, but making exception with regard to claim that defendant was not competent to stand trial because, "it would be 'contradictory to argue that a defendant may be incompetent, and yet knowingly and intelligently 'waive' his right to have the court determine his capacity to stand trial'" (citations omitted)).

¶ 19 For the foregoing reasons, we remand to the PCRA court to allow Appellant, with Attorney Bythrow's assistance, to present his claims in a properly filed PCRA petition and with the opportunity to plead and prove that an exception to the timeliness requirement of the PCRA exists.

¶ 20 Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.