J-S25019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GABRIEL GREENIDGE | |
| Appellant | No. 1410 WDA 2014 |

Appeal from the PCRA Order entered August 11, 2014
In the Court of Common Pleas of Clearfield County
Criminal Division at No: CP-17-CR-0001082-2007

BEFORE:  BENDER, P.J.E., STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 20, 2015**

Gabriel Greenidge, Appellant, who is serving a sentence for his conviction of drug offenses and related crimes, appeals from an order denying relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Appellant contends the PCRA court erred in denying relief on his claims of after-discovered evidence and ineffective assistance of counsel. We affirm.

On October 18, 2008, the 25th Statewide Investigating Grand Jury issued a presentment finding that Appellant, a New York City resident, was the head of a drug distribution ring in Clearfield County from 2005 to 2007. The grand jury found that Appellant transported large amounts of cocaine

_____

[*] Retired Senior Judge assigned to the Superior Court.

and heroin from New York City for redistribution in Clearfield Borough and other places. The Office of Attorney General filed a 35-count criminal complaint against Appellant alleging various felony violations of the Crimes Code and the Controlled Substance, Drug Device and Cosmetic Act.[1] Following trial, a *petit* jury convicted Appellant of 18 of 20 counts. Appellant was sentenced to an aggregate of 10 to 20 years in prison and to pay a fine of over $60,000.00. Appellant filed post-sentence motions, which were denied by operation of law. Appellant then appealed to this Court, challenging only the sufficiency of the evidence. We affirmed the judgment of sentence, and the Supreme Court refused to hear Appellant's appeal. *Commonwealth v. Greenidge*, 998 A.2d 1024 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 17 A.3d 1251 (Pa. 2011).

Appellant filed a timely first PCRA petition *pro se*. The PCRA court appointed counsel, but Appellant later retained private counsel, who filed an amended PCRA petition. Appellant raised 22 post-conviction claims, including after-discovered evidence, ineffective assistance of counsel, and the legality of his sentence. Following a hearing, the PCRA court issued an opinion and order denying relief on August 11, 2014. This appeal followed.[2]

---

[1] 18 Pa.C.S.A. §§ 101 *et seq.*, and Act of Apr. 14, 1972, P.L. 233, No. 64 § 13, *as amended*, 35 P.S. §§ 780-101 – 780-144.

[2] Appellant's privately retained counsel withdrew from representation, and Appellant is again represented by court-appointed counsel on appeal.

Appellant raises only two issues on appeal:

1. Whether the lower court erred in failing to grant PCRA relief on grounds of after-discovered evidence where Commonwealth witness James McGuire recanted his trial testimony and that testimony provided evidence essential to support Appellant's convictions.

2. Whether the lower court erred in failing to grant PCRA relief on grounds of ineffective assistance of counsel where trial counsel failed to raise the issue of Commonwealth witness James McGuire's recantation of his trial testimony and that testimony provided evidence essential to support Appellant's convictions.

Appellant's Brief at 4.

In appeals under the PCRA, we apply the following standard and scope of review:

> We consider the record in the light most favorable to the prevailing party at the PCRA level. This review is limited to the evidence of record and the factual findings of the PCRA court. We afford great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. Accordingly, as long as a PCRA court's ruling is free of legal error and is supported by record evidence, we will not disturb its ruling. Nonetheless, where the issue pertains to a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Pander*, 100 A.3d 626, 630 (Pa. Super. 2014) (*en banc*) (quotation and internal quotation marks omitted). "Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (quotation omitted).

Before we turn to the legal standards governing each of Appellant's questions presented, we set forth the factual background. James McGuire sold heroin and cocaine for Appellant. On May 28, 2008, he testified that he met Appellant in 2005, and sold drugs at least five times at Appellant's request. McGuire was the Commonwealth's final witness, and after his testimony, the Commonwealth and Appellant rested their cases, Appellant having presented no evidence. The trial court then called a recess so that the assistant attorney general prosecuting the case could appear in another courtroom for McGuire's sentencing.

At the time of his testimony, McGuire had already entered a guilty plea to crimes related to his role in the drug distribution ring. His plea included a sentencing recommendation of three to six years. *See* N.T. Trial Day 2, 5/28/08, at 59. McGuire's sentencing judge, however, imposed a sentence of three to seven years plus two years of probation. *See* PCRA Defendant's [sic] Exhibits 10 and 12. According to a May 29, 2008 article in the DuBois *Courier Express*, as McGuire was being led from the courtroom, he stated that all of his testimony in Appellant's case was "a lie."[3] *See id.*

_____

[3] Appellant did not call McGuire as a witness at the PCRA hearing, and instead relied only on his own and trial counsel's recollections and the newspaper article reporting the recantation. Indeed, when Appellant attempted to introduce a letter purportedly from McGuire confirming his recantation, the PCRA court sustained the Commonwealth's hearsay objection. *See* N.T., PCRA Hearing Day 1, 8/2/13, at 39-40. We recognize that the Commonwealth attacks the evidentiary sufficiency of the recantation evidence. *See also Commonwealth v. Castro*, 93 A.3d 818, 827 (Pa.

*(Footnote Continued Next Page)*

- 4 -

Appellant's trial counsel did not raise the issue of McGuire's recantation before sentencing or on direct appeal. At the PCRA hearing, trial counsel explained his actions as follows:

Q. [by the Commonwealth]: Now, sir, do you recall an issue with James McGuire during his sentencing? Apparently, he made an attempt to—an alleged attempt to recant his testimony. Do you recall that coming up?

A. [by trial counsel]: I recall.

Q.: And was that matter raised before the [c]ourt, do you remember?

A.: Mr. McGuire was a witness for the [p]rosecution in this case.

Q.: Yes. Do you recall the [c]ourt being made aware of Mr. McGuire's alleged recantation, perhaps during sentencing?

A.: I certainly can't speak for the [c]ourt, but it became pretty well known as to what Mr. McGuire did after he left.

Q.: Okay. And did you give any consideration to attempt to take any further actions on the basis of that supposed recantation?

A.: I have become fully aware of the circumstances and the scenario in which McGuire recanted, and I found that to be something that wasn't going to be of great benefit.

And when I coupled that with the fact that there was another female witness, who was an associate of McGuire, who also testified in this case consistent to what McGuire testified to, I didn't see that there was any reasonable opportunity for that to be of benefit to [Appellant].

*(Footnote Continued)* ───────────

2014) (holding that a defendant moving for a new trial must rely on more than a newspaper article to be entitled to a hearing on a claim of after-discovered evidence). However, to resolve this appeal, we need not address whether Appellant met his burden of proving McGuire's recantation.

Q.: And was your understanding that Mr. McGuire was angry with the Commonwealth due to the sentence he received?

A.: Well, I was not present when it occurred, so what I'm going to tell you is what someone else told me in that regard. But my understanding is that Mr. McGuire was sentenced subsequent to his testimony in a case. I'm not certain if it was related to this case or not.

But the sentence imposed by the judge contained a maximum portion of his sentence that he wasn't expecting; and when presented with the maximum part of his sentence, he became very angry and started to shout and scream that he lied in court.

N.T. PCRA Hearing Day 2, 12/11/13, at 29-30. On cross-examination, trial counsel reiterated that he did not think that McGuire's recantation was going to "rise to the level of any assistance" for Appellant, and that "[t]he fact that somebody recants after the fact doesn't necessarily amount to newly discovered evidence." *Id.* at 45. For his part, Appellant claimed he informed trial counsel of McGuire's recantation as soon as he became aware of it, and he later forwarded to trial counsel a letter purportedly from McGuire again recanting his testimony. *See* N.T. PCRA Hearing Day 1, 8/2/13, at 35-39; PCRA Defendant's [sic] Exhibit 11.

The PCRA allows relief if a petitioner shows by a preponderance of the evidence, "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). An after-discovered evidence claim has four components: the evidence (1) was discovered after trial and could not have been obtained earlier through reasonable due diligence; (2) is not corroborative or

cumulative; (3) will not be used solely to impeach a witness's credibility; and (4) will likely cause a different verdict at a retrial. ***Commonwealth v. Chamberlain***, 30 A.3d 381, 414 (Pa. 2011). The test is conjunctive, *i.e.*, a PCRA petitioner must meet all elements, or the claim fails. ***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa. Super. 2012).

The PCRA also requires a petitioner to prove that the claims are not waived. ***Id.*** § 9543(a)(3). "[A]n issue is waived if the petitioner **could have raised it but failed to do so** before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." ***Id.*** § 9544(b) (emphasis added).

A defendant who discovers exculpatory evidence after sentencing but before filing an appeal (or before the deadline to file an appeal) must file a written post-sentence motion. Pa.R.Crim.P. 720(C). A defendant who discovers exculpatory evidence during direct appeal proceedings must request a remand to the trial court for a hearing. ***Commonwealth v. Rivera***, 939 A.2d 355, 358 (Pa. Super. 2007). Moreover, claims of after-discovered evidence are not subject to the rule of ***Commonwealth v. Grant***, 813 A.2d 726 (Pa. 2002), which generally requires deferral to the PCRA stage of claims of ineffective assistance of counsel. ***Rivera***, 939 A.3d at 358 (quoting Pa.R.Crim.P. 720 *Comment*). Therefore, a defendant waives claims of after-discovered evidence if (1) he becomes aware of evidence supporting the claim prior to or during direct review; and (2) fails to raise the claim before the trial or appellate court.

Appellant's after-discovered evidence claim is waived, because he could have raised it in a post-sentence motion or before this Court on direct appeal.[4] McGuire's recantation took place after the parties in Appellant's trial rested their cases, but well before sentencing. Trial counsel testified he was aware of the recantation, but took no action. Therefore, Appellant may raise McGuire's recantation only insofar as trial counsel was ineffective for failing to raise it.

We evaluate claims of ineffective assistance of counsel under the following familiar standard:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(ii). Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. . . . [T]o prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

**Commonwealth v. Charleston**, 94 A.3d 1012, 1019 (Pa. Super. 2014) (quoting **Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014)). "To

---

[4] As the Commonwealth notes, Appellant also could have raised McGuire's recantation in an oral motion for extraordinary relief prior to sentencing, although such a motion is insufficient to preserve an issue for appeal. **See** Pa.R.Crim.P. 704(B).

sustain a claim of ineffectiveness, [an a]ppellant must prove that the strategy employed by trial counsel 'was so unreasonable that no competent lawyer would have chosen that course of conduct.'" **Commonwealth v. Rega**, 933 A.2d 997, 1018-19 (Pa. 2007) (quotation omitted). Stated another way, a finding of no reasonable basis for counsel's actions is unwarranted "unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Commonwealth v. Colavita**, 993 A.2d 874, 887 (Pa. 2010) (quotation omitted). Failure to establish any one of the above three prongs is fatal to an appellant's claim of ineffectiveness. **Commonwealth v. Jones**, 951 A.2d 294, 302 (Pa. 2008).

The PCRA court did not err in rejecting Appellant's claim. Appellant failed to prove that trial counsel's actions in not raising McGuire's recantation were unreasonable.[5] Rather, the record shows that trial counsel made a tactical choice not to raise McGuire's recantation. He believed that McGuire's recantation was of negligible value, because McGuire said it moments after McGuire received a longer-than-expected prison sentence. Moreover, trial counsel noted that another witness, to some extent, corroborated McGuire's testimony. In sum, Appellant cannot show that trial counsel's decision was

---

[5] The PCRA court ruled that Appellant could not prove prejudice. **See** PCRA Court Opinion, 8/11/14, at 11. As noted above, we may affirm on any basis supported by the record. **Wiley**, **supra**.

so unreasonable that no competent lawyer would have made the same choice. Because Appellant cannot show trial counsel's actions were unreasonable, his claim of ineffective assistance of counsel fails.

We reject both of Appellant's assignments of error and, accordingly, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2015