J-S13011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM C. RESCH | |
| Appellant | No. 520 WDA 2015 |

Appeal from the PCRA Order March 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017058-2010

BEFORE: LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 17, 2016**

William C. Resch appeals from the order, entered in the Court of Common Pleas of Allegheny County, which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] After careful review, we affirm.

The court summarized the relevant facts and procedural history as follows:

This matter arises from charges filed against [Resch] alleging 11 counts of sexual assault against the victim, his biological daughter, between January 1, 1999[,] and [] October 30, 2010. On January 30, 2012[,] [Resch] appeared with counsel at which time a negotiated plea agreement was entered into which

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

provided that in exchange for [Resch's] *nolo contendere* plea to [involuntary deviate sexual intercourse (IDSI)] and incest, [Resch] would be sentenced to a period of not less than 9 nor more than 18 years. [Resch] would also be subject to lifetime registration [as a sex offender]. . . . The dismissal of [Resch's first PCRA] petition was affirmed by the Superior Court in a memorandum opinion of December 2, 2014. On November 18, 2014[,] [Resch] filed the instant [*pro se*] PCRA petition alleging an illegal sentence as a result of the United States Supreme Court decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), which held that any facts leading to an increase in a mandatory minimum sentence are elements of the crime and must be presented to a jury and proven beyond a reasonable doubt. . . . [Resch] was notified by order of December 3, 2014[,] of the intent to dismiss his PCRA petition without a hearing. On January 6, 2015[,] an order was entered granting [Resch] an extension of time to respond to the notice of intent to dismiss. On February 5, 2015[,] [Resch] filed his response. On March 3, 2015, upon review of the response and the entire record, the petition was dismissed. This appeal followed.

Trial Court Opinion, 7/20/15, at 1-2.

As the trial court noted, Resch included 55 separate issues in his court-ordered concise statement of errors complained of on appeal, filed pursuant to Pa.R.A.P. 1925(b). The trial court categorized the issues as follows:

Ineffective assistance of counsel (1-7, 11, 19, 26-28, 33-35, 38-44, 46, 53); Prosecutorial misconduct (10, 29, 31, 32); Police misconduct (13-17); Due process violations (18, 20-22, 37, 45, 48-52, 54, 55); Improper evidence (23-25); Voluntariness of plea (12, 46); Weight and sufficiency of evidence (30, 47); **Brady**[2] violation (36); and, Illegal sentence (8).

_____

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

Trial Court Opinion, 7/20/15, at 1. In his brief, Resch has pared the issues down to the following, listed *verbatim*:

1. Whether the trial court erred in denying any type of relief, as per erred by denying [Resch's] PCRA petition without hold any type of hearing?

2. Was [Resch's] counsel ineffective in regard to filing a direct appeal directly after the sentencing phase, and did this cause prejudice to [Resch], as per violated his appeal rights?

3. Is the trial court at fault in denying counsel to represent [Resch] in the filing of his PCRA petition proceedings?

4. Was [Resch's] trial court at fault in denying [Resch] legal records and/or documents to perfect his appeal, and has this caused prejudice to [Resch]?

5. Was [Resch's] counsel also ineffective for failing to provide documentary evidence to dispute the prosecutor's claims; as per argue the search warrant was/is defective?

6. Was [Resch's] plea rendered unknowingly, and therefore involuntary, and unintelligently, due to the counsel's ineffectiveness and the pressuring of [Resch] to take the plea deal?

7. Did the trial court abuse its discretion for not ordering any medical test to determine if the alleged victim was actually sexually active or if perhaps her hymen was still intact?

8. Did the trial court err in denying [Resch's] amended post-conviction collateral relief petition without giving [Resch] the benefit of an evidentiary hearing?

9. Did the trial court err in sentencing [Resch] to a term of (9) nine to (18) eighteen years for an "IDSI charge" when that charge only carries 48 months to 120 months for an individual with a zero gravity score?

10. Did [Resch's] counsel deny him the right of going to trial?

11. Due to a licensed technologist didn't obtain the DNA, is it illegal?

Brief of Appellant, at 4a-4b.

Our standard and scope of review of the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.**

Before we may consider the merits of Resch's claims, however, we must consider whether this appeal is properly before us.

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted). Although the legality of a sentence may always be raised under the PCRA, such "claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

Resch was sentenced on January 30, 2012, and did not file a direct appeal. Thus, Resch's judgment of sentence became final on March 1, 2012, when his time to file a notice of appeal to this Court expired. *See* Pa.R.A.P. 903. Resch had one year from that date to file a PCRA petition, specifically, until March 1, 2013. However, Resch filed the instant PCRA petition on November 18, 2014, such that the PCRA petition is untimely on its face. Thus, the PCRA court lacked jurisdiction to review the PCRA petition unless Resch pled and proved one of the statutory exceptions to the time-bar.[3]

Here, Resch made no attempt to plead or prove any of the PCRA untimeliness exceptions. Therefore, the trial court had no jurisdiction to

_____

[3] The three statutory exceptions for an untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2).

consider Resch's petition and properly dismissed it.[4]  *Jones*, *supra*; *Fahy*,

*supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2016

_____

[4] The PCRA court did not dismiss the petition on timeliness grounds. However, it is well-settled that we are not limited by the PCRA court's rationale and may affirm its decision "if there is any basis on the record to support the [PCRA] court's action." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009).