J-S71040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ROBERT E. ROBINSON | |
| Appellant | No. 3515 EDA 2015 |

Appeal from the PCRA Order October 27, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0718101-1982

BEFORE:  BOWES, PANELLA AND FITZGERALD,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY BOWES, J.:**FILED MARCH 30, 2017**

I agree with the majority's holding, in this appeal from an order dismissing two PCRA petitions as untimely, that Appellant's petition advancing a *Miller v. Alabama*, 567 U.S. 460 (2012) claim fails to satisfy any exception to the one-year time-bar.  However, I do not agree that we must remand for an evidentiary hearing to determine whether Appellant satisfied any exception with respect to his second petition.  Hence, I concur and dissent from the majority's disposition.

This case concerns the timeliness of Appellant's eighth and ninth attempts to secure PCRA relief.  The eighth petition submitted that Appellant was entitled to relief pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012).  While that petition was still pending, Appellant filed another petition,

_____

* Former Justice specially assigned to the Superior Court.

docketed June 19, 2015, alleging new facts concerning trial counsel's alleged drug use. The PCRA court disposed of both petitions in the instant order. I fully agree with my learned colleagues that the petition raising his *Miller* claim failed to invoke the PCRA court's jurisdiction since Appellant was over eighteen at the time of the murder.

I depart from my colleagues with respect to its disposition of the portion of the PCRA order dismissing the June 19, 2015 petition as untimely. The basis for that petition was as follows. Appellant alleged that Bruce Quarles, a fellow prisoner, overheard Appellant complaining about trial counsel. Quarles stated he knew of trial counsel and supplied documentation regarding trial counsel's purchase of cocaine in the Caribbean Islands in May of 1982. "Mr. Quarles told me he would bring the transcripts and newspaper articles to the law library and I could make photo copies of the newspaper articles and the transcripts. This is how I obtained the after [d]iscovered [e]vidence on April 28, 2015." PCRA Petition, 6/19/15, at 4-A. That petition attached three exhibits: a newspaper article dated May 29, 1982, stating that Appellant's trial counsel was fired from his job as an Assistant District Attorney in Philadelphia due to an FBI informant alleging trial counsel had purchased cocaine, a transcript of trial counsel's plea to possession of drugs in the Eastern District of Pennsylvania on April 29, 1994, and a newspaper story reporting the 1994 conviction.

Appellant's PCRA petition submitted that these facts satisfied the second of the three exceptions to the PCRA's one-year time period. These exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> **(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or**
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii) (emphasis added). Additionally, any petition seeking to invoke one of these three exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA court's rationale for finding that Appellant failed to satisfy these requirements is set forth in its opinion:

> [Appellant]'s claim does not constitute after-discovered evidence, and his argument is not convincing. Trial counsel represented [Appellant] in 1983. Counsel pled guilty to drug trafficking offenses that occurred between 1991 and 1992. [Appellant] cannot reasonably claim that trial counsel's subsequent legal problems impacted his decision to plead guilty a decade earlier. Aside from allegations contained in an article, [Appellant] has not provided any evidence to suggest that counsel's representation as it related to [Appellant]'s specific case was improper. [Appellant] has failed to demonstrate that any of the exceptions to the limitations of the PCRA apply to his case."

- 3 -

Trial Court Opinion, 11/18/15, at 4.

As the majority recognizes, the inquiry applied to determine whether a PCRA petitioner has satisfied the § 9545(b)(1)(ii) exception is wholly distinct from the analysis applied to the merits of any claim which relies upon said facts. Our Supreme Court recently described this section as providing a gate-keeping function. "The function of a section 9545(b)(1)(ii) analysis is that of a gatekeeper. Its inquiry, therefore, is limited to considering only the existence of a previously unknown fact that would allow a petitioner to avoid the strict one year time-bar." *Commonwealth v. Cox*, 146 A.3d 221, 229, n.11 (Pa. 2016). Thus, the legal inquiry for jurisdictional purposes is limited to examining whether the facts were unknown, and, if so, whether the subsequent uncovering of the facts was done with due diligence, which "requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Burton*, 121 A.3d 1063, 1071 (Pa.Super. 2015) (*en banc*), *appeal granted*, 134 A.3d 446 (Pa. 2016). Provided the petitioner has satisfied those two prongs, only then is a merits analysis proper.

I agree that the PCRA court's disposition appears to conflate the two inquiries. However, while I agree that the PCRA court erred, I disagree that

this error requires a remand for an evidentiary hearing. For the following reasons, I find that we must affirm the order denying relief.

First, § 9545(b)(1)(ii) requires the petitioner to establish due diligence, and it is clear that Appellant cannot meet that requirement. The lack of discussion by the PCRA court on this point does not require a remand, since we conduct *de novo* review of legal questions. Since the exercise of due diligence presents a question of law, ***Commonwealth v. Selenski***, 994 A.2d 1083 (Pa. 2010), we may affirm on that alternative basis. ***Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa.Super. 2009) (this Court may affirm the decision of PCRA court if decision is supported by record, even if we rely on a different basis).

Indeed, ***Cox***, ***supra***, affirmed the denial of PCRA relief where the order contained the same exact legal error at issue herein. The Court concluded that Cox failed to demonstrate due diligence; hence, the PCRA court lacked jurisdiction to entertain the claim. ***Cox*** therefore affirmed the order.

> Cox cannot, however, establish that he could not have ascertained this fact through the exercise of due diligence. Due diligence "does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort" to obtain the information upon which a claim is based. Commonwealth v. Edmiston, 619 Pa. 549, 65 A.3d 339, 348 (2013). Cox's initial attempt to obtain the ballistics evidence was made in his first PCRA petition, in connection with his claim that trial counsel was ineffective for failing to seek independent ballistics testing.

*Id*. at 230. The same is true herein. Appellant has failed to establish that he could not have ascertained the facts regarding trial counsel's substance abuse issues through the exercise of due diligence. The exhibits attached to the PCRA petition were in the public domain, which is presumptively accessible and available. *See Commonwealth v. Taylor*, 67 A.3d 1245, 1248-49 (Pa. 2013) ("This Court has found matters of public record are not unknown."). In *Burton*, *supra*, we modified this presumption where a *pro se* defendant is incarcerated.

> The general rule is reasonable when we may conclude that the petitioner retains access to public information, such as when a petitioner is represented by counsel. In such cases, public records should be presumptively knowable. However, a *pro se* petitioner does not have access to information otherwise readily available to the public. That is elementary: A PCRA petitioner is most often incarcerated, and thus, no longer a member of the public. Without counsel's providing a conduit to publicly available information, a presumption of access is cynical, and the strength of the general rule falters. Thus, the Supreme Court has expressly recognized the importance of *access* to the public information.

*Id*. at 1072. On its face, *Burton* would appear to support the majority's determination to remand for an evidentiary hearing to permit Appellant an opportunity to develop this claim. However, Appellant's **own brief** reveals that he was aware of trial counsel's substance abuse issues no later than October of 2014. "On or about October 20, 2014, [A]ppellant received a computer print-out from his aunt, an article she found . . . This is when the Appellant found out his attorney was involved with cocaine and was

trafficking the drugs etc." Appellant's brief at 7. Hence, Appellant has failed to explain why, assuming *arguendo* that he could not have discovered this information prior to October 20, 2014, he did not file the PCRA petition within sixty days of **that** date. 42 Pa.C.S. § 9545(b)(2).

While I would hold that the lack of due diligence is sufficient to resolve the matter, I also note that Appellant does not set forth any facts that would entitle him to relief, rendering any evidentiary hearing irrelevant. We could affirm on this basis as well. In reaching this conclusion, I recognize that in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), our Supreme Court stated that the (b)(1)(ii) exception merely requires the petitioner "to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" **Id**. at 1270. In **Bennett**, the fact at issue was PCRA counsel's failure to file a brief on appeal of a timely PCRA petition. Bennett then filed a second PCRA petition seeking reinstatement of his PCRA appellate rights, invoking § 9545(b)(1)(ii). **Bennett** determined that "[Bennett]'s allegations bring his claim within the ambit of subsection (b)(1)(ii) . . . he must also prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" **Id**. at 1274. Thus, the Court remanded for fact-finding on those questions.

Then-Justice, now Chief Justice, Saylor authored a dissenting opinion, stating that "a consistent plain-meaning approach to Section 9545(b)(1)(ii) should also subsume an equally straightforward approach to the words that

the statute employs, including the word 'claim.'"  *Id*. at 1276.  In his view, the claim was not cognizable under the PCRA, "because [Bennett]'s conviction and sentence did not result from such ineffectiveness, and because the asserted prejudice does not go directly to the truth-determining process, as the language of the PCRA contemplates."  *Id*. at 1276 (Saylor, J., dissenting).  Thus, then-Justice Saylor would have held that the facts could not provide relief.

However, I do not read *Bennett* or *Cox* as requiring a PCRA court to hold an evidentiary hearing whenever a litigant sets forth any fact whatsoever.  There must be room to consider whether the purported facts could establish a viable legal claim.  As an absurd example, suppose an incarcerated individual filed a PCRA petition claiming that he recently learned that the Chicago Cubs won the World Series.  No one would suggest that the PCRA court must rigidly determine whether that fact was unknown and whether it could have been learned through due diligence without any consideration of whether that fact is relevant to any possible issue in the case.  While 42 Pa.C.S. § 9545(b)(1)(ii) acts as a gatekeeper, that label obviously contemplates that there is a reason to open the gate in the first

place.[1]  To require an evidentiary hearing in all cases, as the majority appears to require, clearly elevates form over substance.

Thus, in my view, nothing prevents a reviewing court from affirming the denial of PCRA relief on the basis that the claim could not possibly lead to relief even assuming the untimely petition satisfied the exception.  The Supreme Court discussed this point in **Commonwealth v. Yarris**, 731 A.2d 581 (Pa. 1999), stating:

> Moreover, even if Appellant were able to surmount the bar of untimeliness with respect to this claim, he would then face the additional hurdle of proving by a preponderance of the evidence that one or both of the affidavits constitute "exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). On the record before us, Appellant could not satisfy such burden.
>
> . . .
>
> We conclude that the evidence which purportedly reveals that someone other than Appellant committed the murder is hearsay, not within any exception, and so unreliable as to be inadmissible. A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the after-discovered evidence exception to the timeliness requirement, **nor would such a claim, even if timely, entitle Appellant to relief under the PCRA**.

---

[1]  That point animated then-Justice Saylor's dissent in **Bennett**.  The majority accepted that the facts, as a matter of law, would entitle Bennett to relief.  The case thus does not speak to a situation where the facts are completely irrelevant.

*Id*. at 591-92 (emphasis added). Thus, in **Yarris**, the facts offered to overcome the time-bar could not have resulted in a new trial, even if timely presented. I do not read **Cox** to abandon this avenue of analysis.

Applying this principle, it is clear that Appellant's claim, even if timely, would not entitle him to relief under the PCRA. Even if every allegation in Appellant's PCRA petition is completely true, none of the facts could possibly demonstrate that trial counsel was ineffective. It is the advice **itself** that would ultimately be at issue in any properly-filed PCRA petition. Hence, whether or not trial counsel consumed drugs in general, or even whether he was under the influence on the day of his plea, is irrelevant. **See Bonin v. Calderon**, 59 F.3d 815 (9th Cir. 1995) ("Because we conclude . . . that [counsel]'s performance did not fall below the standard of objective reasonableness, it is irrelevant whether [counsel] used drugs."). The time for Appellant to timely attack the objective reasonableness of the supplied advice has long since passed. Hence, these purported facts could not lead to any grant of relief whatsoever. Therefore, there is no need to hold an evidentiary hearing, even if the record did not indicate whether or not Appellant could demonstrate due diligence. Thus, we could affirm on this basis as well.

Accordingly, for the foregoing reasons, I concur and dissent from the majority's disposition of the order denying PCRA relief.