J-S22038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GREGORY DUNBAR, | : | |
| | : | |
| Appellant | : | No. 3374 EDA 2017 |

Appeal from the PCRA Order September 11, 2017
in the Court of Common Pleas of Bucks County
Criminal Division at Nos.:  CP-09-CR-0002434-1985
CP-09-CR-0002435-1985
CP-09-CR-0002436-1985

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 23, 2018**

Appellant, Gregory Dunbar, appeals *pro se* from the order denying as untimely his serial petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  Appellant's facially untimely petition does not plead or prove any of the three statutory exceptions to the PCRA time bar.  Accordingly, we affirm.

This petition is the latest of over a dozen unsuccessful petitions for post-conviction relief, filed in state and federal court.  Several, including the instant petition, are incorrectly styled as a petition for *habeas corpus* relief.[1]

---

[1] We note that with limited exceptions not applicable here, the PCRA subsumes petitions for *habeas corpus* relief.  **See** 42 Pa.C.S.A. § 9542.

---

\*   Retired Senior Judge assigned to the Superior Court.

On October 7, 1985, Appellant entered counseled pleas of guilty but mentally ill to three separate criminal informations involving numerous crimes, which included attempted murder, rape, robbery, aggravated assault, and simple assault.[2] On January 15, 1986, the court sentenced him to an aggregate term of incarceration of not less than twenty nor more than forty years in a state correctional institution. Appellant did not file a direct appeal.[3]

On July 24, 2017, Appellant filed the instant petition, styled as a petition for a writ of *habeas corpus*, thirty years after his conviction became final and twenty years after the extended jurisdictional time period had expired. The PCRA court denied the petition on September 11, 2017. On September 25, 2017, Appellant filed a motion for recusal and reconsideration (on the ground that he had filed a private criminal complaint against the PCRA court judge, as well as other court personnel). The PCRA court denied the motion on

---

[2] Appellant raped one woman at knifepoint, and gutted a second, requiring surgery to restore her intestines to their proper place in her abdomen. He broke into a home occupied by the third Victim and her two small children. He stabbed her in the abdomen, robbed her, and forced her to have anal and vaginal intercourse with him. The knife Appellant used, with the Victim's blood still on it, was found in his closet.

[3] Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all non-jurisdictional defects except the legality of the sentence and the validity of the plea. ***See Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014).

October 4, 2017. The clerk of courts received Appellant's notice of appeal on October 16, 2017.

Appellant presents five questions for our review:

1. Did the court error [sic] and abuse its discretion by dismissing *habeas corpus* action as a PCRA in cases 2435 and 2436 which expired in 2005?

2. Did the court abuse its discretion by ruling Appellant's (which allege fraud and want of jurisdiction) [sic] issues were not cognizable under PCRA?

3. Did the court abuse it discretion by not granting a hearing (*habeas corpus*) on allegation that the state coersed [sic] a victim in case 2435, to falsely identify Appellant under oath at preliminary hearing, and suppress a pretrial statement that would of [sic] exonerated Appellant?

4. Did the court abuse its discretion by ruling Appellant was time barred from bring [sic] fraud claim, and challenge to court's jurisdiction?

5. Did the court abuse its discretion by denying Appellant's recusal petition and reconsideration request after Appellant informed court he filed criminal charges against it?

(Appellant's Brief, at 5)

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. [*See*] 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.

A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court

of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. [*See*] 42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. [*See*] 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2).

*Commonwealth v. Hernandez*, 79 A.3d 649, 651–52 (Pa. Super. 2013) (citations, internal quotation marks, and footnote omitted).

Here, initially, we observe that Appellant misapprehends our standard of review, which determines whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. *See id.* at 651. We do not review for abuse of discretion.

To be timely, Appellant's PCRA petition had to be filed within one year from the date his judgment of sentence became final, which would have been at the conclusion of direct review by this Court, or at the expiration of time for seeking the review. [*See*] 42 Pa.C.S.A. § 9545 (b)(3); *see also Commonwealth v. Alcorn*, 703 A.2d 1054, 1056 (Pa. Super. 1997), *appeal denied*, 724 A.2d 348 (Pa. 1998). Our review of the record reflects that Appellant's judgment of sentence became final on February 14, 1986, thirty days after the trial court imposed the judgment of sentence and Appellant declined to file a direct appeal with this Court. *See* 42 Pa.C.S.A. § 9545(b)(3);

- 4 -

Pa.R.A.P. 903(a). Appellant filed his first petition on March 31, 1986, under the Post Conviction Hearing Act.[4] Appellant did not file the instant PCRA petition until July 24, 2017. Thus, Appellant's PCRA petition currently on appeal is patently untimely, unless he pleads and proves one of the three statutory exceptions to the PCRA time bar.

However, Appellant fails to plead any of the three cognizable exceptions to the PCRA time bar.[5]

Accordingly, the PCRA court properly determined that Appellant's petition is untimely, with no cognizable exception to the statutory time bar pleaded or proven, and it lacked jurisdiction to review Appellant's claims on the merits.

Order affirmed.[6]

_____

[4] We note for the sake of completeness and clarity that Appellant is ineligible for the grace period which was applied to first PCRA petitions, where the petitioner's judgment of sentence became final on or before the effective date of the 1995 amendments, allowing the petition to be considered timely if filed by January 16, 1997. **See** Act of November 17, 1995, P.L. 1118, No. 32 (Spec. Sess. No. 1), § 3(1); **see also Commonwealth v. Rivera**, 802 A.2d 629, 631 (Pa. Super. 2002). As previously noted, Appellant filed his first petition on March 31, 1986, under the Post Conviction Hearing Act.

[5] Instead, he asserts a variety of purported abuses of discretion, not cognizable under the PCRA, most notably the frivolous claim that the PCRA court had refused his motion to recuse for lack of jurisdiction based on Appellant's private criminal complaint against the PCRA court judge.

[6] The PCRA court suggests that the instant claim be quashed because the notice of appeal was not received until October 16, 2017. (**See** PCRA Court Opinion, at 3). However, the certified record includes Appellant's envelope

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/23/18

---

with a postmark of October 10, 2017. "[A] *pro se* prisoner's appeal will be deemed to be filed when the inmate places the document in the hands of prison officials or in the prison mailbox[.]" **Smith v. Pennsylvania Bd. of Prob. & Parole**, 683 A.2d 278, 279 (Pa. 1996). Accordingly, we give Appellant the benefit of the Prisoner Mailbox Rule. Nevertheless, we may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm. **See Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009).