J-S31007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERROLD RICHARD GRAHAM | : | |
| | : | |
| Appellant | : | No. 165 MDA 2020 |

Appeal from the PCRA Order Entered January 3, 2020
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0001351-2015

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 25, 2020**

Jerrold Richard Graham appeals from the dismissal of his Post-Conviction Relief Act ("PCRA") petition.  After careful review, we affirm.

On August 27, 2015, members of the Pennsylvania State Police ("PSP") aviation unit conducted a flyover of Appellant's property in Centre County, Pennsylvania.  The PSP identified what they believed were marijuana plants growing in a greenhouse located on the property and deployed ground units to Appellant's residence.  Appellant provided written consent to the search of the premises, which yielded sixty-eight marijuana plants, fourteen bags of heroin, thirty-seven OxyContin pills, and a bucket of numerous needles and miscellaneous drug paraphernalia.

Appellant was arrested and charged with possession with intent to deliver or manufacture a controlled substance and related charges.  Appellant hired an attorney who filed a motion requesting an additional thirty days to

file Appellant's omnibus motion. The court granted the motion and ordered that all pretrial motions be filed by November 30, 2015. After trial counsel did not file an omnibus pretrial motion, Appellant retained new counsel. On June 17, 2016, new trial counsel filed a motion to suppress *nunc pro tunc*, which the court dismissed as untimely. Appellant proceeded to a non-jury trial and was convicted on all counts. On August 18, 2016, Appellant was sentenced to serve an aggregate sentence of two to four years of imprisonment with credit for 169 days for time served. Appellant did not file a post-sentence motion or direct appeal.

On August 17, 2017, Appellant filed a timely PCRA petition through privately retained counsel. The Commonwealth responded to Appellant's filing with a motion to dismiss, and the trial court issued a notice of its intent to dismiss the PCRA petition without a hearing due to several deficiencies in the amended petition. Counsel filed an amended PCRA petition, alleging that trial counsel was ineffective for failing to file a timely suppression motion, requesting an evidentiary hearing, and providing witness certifications for both trial attorneys. On January 2, 2020, the PCRA court issued an order and opinion dismissing the PCRA petition without a hearing. This appeal followed. Both Appellant and the PCRA court have complied with the mandates of Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the trial court erred in dismissing the PCRA petition without a hearing on the issue regarding Attorney Manchester's failure to file a motion to suppress.

2. Whether the trial court erred in dismissing the PCRA without a hearing and accepting the Commonwealth's assertion that the photographs were taken after consent was given.

Appellant's brief at 5.

We begin with a discussion of the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record," and we do not "disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012). "Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa.Super. 2009).

As a prefatory matter, in order to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue "at the time relief is granted." 42 Pa.C.S.A. § 9543(a)(1)(i). Once supervision ends, a petitioner no longer qualifies for PCRA relief, regardless of when he filed the petition. *See Commonwealth v. Descardes*, 136 A.3d 493, 503 (Pa. 2016) (holding petitioner was no longer serving sentence, so he was ineligible for PCRA relief; petitioner's ineligibility deprived the court of jurisdiction to entertain the petition); *see also Commonwealth v. Turner*, 80 A.3d 754, 762 (Pa. 2013) citing to *Commonwealth v. Ahlborn*, 699 A.2d at 718, 720 (Pa. 1997) (holding that

the plain language of § 9543(a)(1)(i) requires the denial of PCRA relief to a petitioner who has finished serving his sentence).

Instantly, the court sentenced Appellant, on August 18, 2016, to serve a term of two to four years with 169 days credit for time served. A review of the record reveals no subsequent amendments or alterations were made to Appellant's sentence. Therefore, Appellant's sentence expired on March 2, 2020, while this appeal was pending in our court. Since Appellant is no longer serving the sentence for his convictions in this case, he is ineligible for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(1)(i); ***Descardes***, ***supra***; ***Ahlborn***, ***supra***. Accordingly, we affirm the PCRA court's dismissal of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020