J-S46016-17 & J-S46017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JERMAINE GALBREATH | |
| Appellant | No. 404 MDA 2017 |

Appeal from the PCRA Order February 9, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001168-2012
CP-28-CR-0001202-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD JERMAINE GALBREATH | |
| Appellant | No. 405 MDA 2017 |

Appeal from the PCRA Order February 9, 2017
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001168-2012
CP-28-CR-0001202-2012

BEFORE:  BOWES, OLSON, JJ. and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 31, 2017**

Appellant, Ronald Jermaine Galbreath, appeals *pro se* from the order

entered on February 9, 2017, dismissing as untimely his second petition filed

* Former Justice specially assigned to the Superior Court.

under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.[1]

The factual background and procedural history of this case are as follows. On March 5, 2013, a jury convicted Appellant of one count of unlawful delivery of a schedule II controlled substance[2] and one count of criminal use of a communication facility[3] at docket 1168-2012. That same day, the jury convicted Appellant of those same counts at docket 1201-2012. On April 24, 2013, the trial court sentenced Appellant to a term of 27 to 180 months' imprisonment at each docket. The court ordered that the sentences at each docket run consecutively, yielding an aggregate sentence of 54 to 360 months' imprisonment.

On May 7, 2013, Appellant filed a post-sentence motion, alleging that trial counsel was ineffective and that the verdicts were against the weight of the evidence. On May 15, 2013, trial counsel filed a motion to withdraw as counsel. On May 22, 2013, the trial court granted trial counsel's motion to

_____

[1] By order dated March 28, 2017, we ordered Appellant to show cause why the appeal at No. 405 MDA 2017 should not be dismissed as duplicative of the appeal at No. 404 MDA 2017. No response was forthcoming. Accordingly, our order of May 4, 2017 discharged the prior order and deferred the issue to the merits panel. After careful review, we dismiss the appeal at No. 405 MDA 2017 as duplicative of the appeal at No. 404 MDA 2017.

[2] 35 Pa.C.S.A. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 7512(a).

withdraw and appointed a new attorney to represent Appellant. Appellant then filed a notice of appeal on June 13, 2013, purporting to appeal from the May 22, 2013 order. On April 15, 2014, this Court quashed the appeal, finding that the trial court had not addressed Appellant's post-sentence motion and that the May 22, 2013 order was not a final, appealable order. On June 19, 2014, Appellant filed an amended post-sentence motion. The trial court denied Appellant's amended post-sentence motion on September 19, 2014. Appellant did not appeal. Thus, his judgment of sentence became final on October 19, 2014.

On September 10, 2015, Appellant filed a counseled first PCRA petition. On December 17, 2015, the PCRA court dismissed Appellant's petition for collateral relief. Appellant appealed on January 19, 2016. On February 9, 2016, PCRA counsel moved to withdraw. At a March 18, 2016 hearing, the PCRA court conducted a colloquy of Appellant regarding his right to waive counsel and to proceed *pro se*. After determining that Appellant knowingly and intelligently waived his right to counsel, the PCRA court granted counsel's motion to withdraw. On September 22, 2016, this Court affirmed the PCRA court's dismissal of Appellant's first PCRA petition.

Appellant, acting *pro se*, filed his second PCRA petition on October 17, 2016. On December 7, 2016, the PCRA court issued a notice of intent to dismiss because the petition was untimely. On December 27, 2016, Appellant filed a response to the PCRA court's notice of intent to dismiss. On

February 9, 2017, the PCRA court entered an order dismissing Appellant's second PCRA petition. This timely appeal followed.[4]

Appellant presents two issues for our review:

I.   Whether the mandatory minimum sentence of 10 to 20 years imposed by the [trial court] [for] the [p]ossession with intent to deliver cocaine [] should be vacated?

II.  Whether PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to raise the issue that Appellant's sentence constitutes an illegal mandatory minimum?

Appellant's brief at 3.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766, 768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature." **Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013) (citation omitted). Thus, we shall forgo individual assessment of the merits of the claims set forth in Appellant's brief and, instead, concentrate our attention on whether Appellant timely filed his second PCRA petition and, if

---

[4] On March 3, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On March 22, 2017, Appellant filed his concise statement. On April 27, 2017, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a).

not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement.

A PCRA petition, even a second petition, is timely only if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, Appellant's post-sentence motion was denied on September 19, 2014. Because Appellant did not file an appeal, his judgment of sentence became final on October 20, 2014.[5] Therefore, pursuant to 42 Pa.C.S.A. § 9545(b), Appellant had until October 20, 2015 to file any PCRA petitions. Appellant filed this PCRA petition on October 17, 2016, nearly one year past the jurisdictional period. Thus, Appellant's petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[5] Thirty days from the date of the court's denial of Appellant's amended post-sentence motion was Sunday, October 19, 2014. Accordingly, Appellant had until the end of the next business day to file an appeal. *See* 1 Pa.C.S.A. § 1908.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "It is the petitioner's burden to plead and prove an exception to the PCRA-timeliness rule." *Commonwealth v. Wiley*, 966 A.2d 1153, 1158 (Pa. Super. 2009) (citation omitted).

Here, Appellant contends that the newly discovered facts exception under 42 Pa.C.S.A. § 9545(b)(1)(ii) applies in this case because, according to Appellant, PCRA counsel abandoned him. Appellant argues that "[w]hile an allegation of PCRA counsel's ineffectiveness may not be invoked as a newly-discovered 'fact' for purposes of 42 Pa.C.S.A. § 9545(b)(1)(ii), an allegation that counsel abandoned his client for purposes of appeal falls within the ambit of § 9545(b)(1)(ii)." Appellant's Brief at 12. In his brief, Appellant relies on *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). In *Bennett*, the PCRA court appointed counsel to represent the appellant, Bennett, after he filed a timely *pro se* PCRA petition. *Id.* at 1266. After the court dismissed Bennett's petition, appointed counsel failed to file an

appellate brief and this Court dismissed Bennett's appeal. *Id.* Our Supreme Court determined that counsel's failure to file an appellate brief, which resulted in this Court's dismissal of Bennett's appeal, constituted abandonment, as it was "the functional equivalent of having no counsel at all." *Id.* at 1273. Our Supreme Court further concluded that counsel's abandonment could serve as a newly discovered fact. *Id.*

In this case, however, the record does not support Appellant's assertion that PCRA counsel abandoned him. In his motion to withdraw, filed during the pendency of Appellant's first PCRA petition, PCRA counsel stated that Appellant called him on February 5, 2016, and "[a]fter discussing possible appeal issues, [Appellant] made it clear that he wanted [counsel] to withdraw and to proceed *pro se*." Motion to Withdraw as Counsel, 2/9/2016, at 1. PCRA counsel then filed a motion to withdraw on February 9, 2016. At the March 18, 2016 hearing, the PCRA court performed an extensive colloquy of Appellant regarding his right to waive counsel and proceed *pro se*. Trial Court Opinion, 4/27/17, at 6. The court found that Appellant knowingly and intelligently waived his right to counsel and granted the petition to withdraw. Since Appellant voluntarily waived his right to counsel, he cannot now argue that counsel abandoned him.

Appellant's failure to successfully plead and prove that one of the timeliness exceptions applies to his PCRA petition renders his petition untimely and, therefore, this court lacks jurisdiction to address the merits of

Appellant's claims. Accordingly, we conclude that the PCRA court did not err in dismissing Appellant's petition.

Order affirmed. Appeal at No. 405 MDA 2017 dismissed as duplicative of No. 404 MDA 2017.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2017