J-S48039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERELL BRAXTON, | |
| Appellant | No. 296 MDA 2017 |

Appeal from the PCRA Order January 19, 2017
in the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.: CP-35-CR-0000785-2007
CP-35-CR-0002119-2007

BEFORE: OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 19, 2017**

Appellant, Terell Braxton, appeals *pro se* from the January 19, 2017 order denying his self-styled Motion to Vacate Order Court Lacked Authority to Enforce and Resumption of Post Conviction Relief Act Petition Filed Pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii), which we treat as a motion filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate the court's order and remand for the appointment of counsel.

We summarize the relevant procedural history of this case as determined from the certified record as follows. The trial court held a jury trial from April 23 to April 30, 2008, at the above-stated docket numbers.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On April 30, 2008, the jury convicted Appellant of one count each of possession with intent to deliver a controlled substance (PWID), conspiracy to commit PWID, criminal use of a communication facility, and possession of drug paraphernalia at Docket No. 785-2007.[1] The jury convicted him of six counts of PWID and one count of criminal use of a communication facility at Docket No. 2119-2007.

On August 7, 2008, the trial court sentenced Appellant to an aggregate term of not less than 103 nor more than 264 months' incarceration, followed by eleven years of probation. This Court affirmed the judgment of sentence on July 22, 2010, after his direct appeal rights were reinstated *nunc pro tunc*, via his filing of a successful PCRA petition. (**See Commonwealth v. Braxton**, 6 A.3d 570 (Pa. Super. 2010)). Our Supreme Court denied his petition for allowance of appeal on March 30, 2011. (**See Commonwealth v. Braxton**, 19 A.3d 1049 (Pa. 2011)).

Procedurally convoluted PCRA litigation ensued, culminating in this Court's remand to the PCRA court on December 13, 2013, for a determination on the applicability of the newly discovered facts exception to Appellant's facially untimely PCRA petition. (**See Commonwealth v. Braxton**, 2013 WL 11248850, at *4 (Pa. Super. filed Dec. 13, 2013)); **see also** 42 Pa.C.S.A. § 9545(b)(1)(ii).

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 903(a)(1), 7512(a); and 35 P.S. § 780-113(a)(32), respectively.

Upon remand, the court held a hearing on November 25, 2015, at which Appellant was represented by counsel. At that hearing, Appellant withdrew his PCRA petition and waived his appeal and PCRA rights. (**See** N.T. PCRA Hearing, 11/25/15, at 2). In exchange, pursuant to an agreement reached by Appellant and the Commonwealth, the court sentenced Appellant to a reduced aggregate sentence of not less than time served nor more than 264 months' incarceration, followed by two years of probation. (**See id.** at 2-4). On January 21, 2016, the court entered a written order stating that it had vacated Appellant's original August 7, 2008, sentence and it set forth the new reduced sentence imposed pursuant to the November 25, 2015 agreement of the parties. (**See** Order, 1/21/16, at unnumbered pages 1-2). Appellant did not file a direct appeal from the new sentence.

On June 21, 2016, while he was represented by counsel, Appellant filed a *pro se* motion seeking to vacate the January 21, 2016 order and resume his PCRA petition. The trial court denied the petition on July 27, 2016, because it did not recognize hybrid representation.[2] It subsequently granted counsel's motion to withdraw.

On September 30, 2016, Appellant filed the underlying *pro se* "Motion to Vacate Order Court Lacked Authority to Enforce and Resumption of

---

[2] **See Commonwealth v. Ellis**, 626 A.2d 1137, 1141 (Pa. 1993).

[PCRA] Petition Filed Pursuant to 42 [Pa.C.S.A. §] 9545(b)(1)(ii)[.]"
(Motion, 9/30/16) (some capitalization omitted). In the motion, Appellant
sought to vacate the court's January 21, 2016 order and the November 25,
2015 sentence, claiming that the new sentence is illegal and that he could
not agree to an illegal sentence. (*See id.* at unnumbered pages 2-3). The
court entered its order denying the motion on January 19, 2017. Appellant
timely appealed on February 10, 2017.[3]

Appellant raises the following questions for review:

I. Did the [trial] court err and abuse its discretion when
guaranteeing Appellant would receive immediate parole as part
of an agreement absent statutory authorization?

II. Did [the trial] court err when it re-sentenced Appellant to a
mandatory sentence using an unconstitutional statute?

III. Did not Appellant's court appointed counsel prove to be
ineffective when negotiating an agreement with the District
Attorney's Office predicated on an unconstitutional statute?

(Appellant's Brief, at 2).

Preliminarily, we must address whether the trial court should have
treated Appellant's *pro se* post-sentence filing as a PCRA petition. As noted,
he challenges the legality of his new sentence.

---

[3] Although the court did not order Appellant to file a concise statement of
errors complained of on appeal, **see** Pa.R.A.P. 1925(b), he filed a Rule
1925(b) statement on March 6, 2017. The court entered an opinion on April
17, 2017, in which it stated that Appellant's motion was an untimely post-
sentence motion. **See** Pa.R.A.P. 1925(a); (Trial Court Opinion, 4/17/17, at
4).

. . . We have repeatedly held that . . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition. That [appellant] has [framed] his petition as a "motion to correct illegal sentence" does not change the applicability of the PCRA. *See Commonwealth v. Guthrie*, 749 A.2d 502, 503 (Pa. Super. 2000) (appellant's "motion to correct illegal sentence" must be treated as PCRA petition).

. . . [T]he plain language of the PCRA . . . states that "[the PCRA] provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542; *see Commonwealth v. Hockenberry*, 455 Pa. Super. 626, 689 A.2d 283, 288 (1997) (legality of sentence is cognizable issue under PCRA). Further, the Act provides that "[t]he [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose. . . . " 42 Pa.C.S.A. § 9542[.] . . .

*Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (some citations and quotation marks omitted).

Here, based on the foregoing legal authority, we conclude that the trial court should have treated Appellant's motion, filed after his judgment of sentence became final, as a timely first PCRA petition. *See id.*; *see also* 42 Pa.C.S.A. § 9545(b)(3) (providing judgment becomes final at expiration of time for seeking direct review).

Furthermore, it is well-settled that, "[p]ursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." *Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (citing Pa.R.Crim.P. 904(C)) (case citations omitted). At first blush, while it does appear that the

substantive argument set forth in Appellant's *pro se* motion is meritless, "[a PCRA] petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claim[.]" **Commonwealth v. Wiley**, 966 A.2d 1153, 1159 (Pa. Super. 2009) (citation omitted). "While this entitlement may be waived, petitioner may do so only after addressing his entitlement to appointed counsel with the PCRA court." **Commonwealth v. Evans**, 866 A.2d 442, 446 (Pa. Super. 2005) (citations omitted) (remanding to PCRA court to assess appellant's indigence).[4]

The record in the instant case reflects that Appellant was not afforded the assistance of counsel in pursuing what amounts to his first PCRA petition. Therefore, we vacate the trial court's January 19, 2017 order and remand for the appointment of counsel and further proceedings under the PCRA consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/2017

---

[4] We recognize that Appellant waived his PCRA rights, and leave it to the trial court to determine the effect of that waiver, if any, following the appointment of counsel and counsel's opportunity to review the entire record. (**See** N.T. PCRA Hearing, 11/25/15, at 2).