J-S14023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :             PENNSYLVANIA
                                                   :

                     v.                              :
                                                 :
                                                 :

MICHAEL RICCITELLO                    :
                                                 :

                 Appellant                 :     No. 3062 EDA 2018

Appeal from the Order Entered August 29, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003466-2013
CP-09-CR-0004089-2013

BEFORE:    LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                  **FILED MAY 24, 2019**

Appellant Michael Riccitello appeals *pro se* from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant asserts that he was sentenced using an unconstitutional mandatory minimum statute. For the reasons that follow, we vacate the order entered in CP-09-CR-0003466-2013 (3466-2013) because Appellant did not file his petition in that case. We affirm the order entered in CP-09-CR-0004089-2013 (4089-2013).

The parties are familiar with the facts of Appellant's convictions. Of relevance to this appeal, Appellant was charged with robbery—threat of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

immediate serious injury (robbery)[2] and related offenses in 3466-2013 and 4089-2013.

Appellant negotiated a guilty plea agreement for concurrent sentences of ten to twenty years' imprisonment for the robberies. There was no indication that the Commonwealth sought the imposition of mandatory minimum sentences.

On September 9, 2013, the trial court conducted a guilty plea hearing. During the colloquy, the Commonwealth did not allege that Appellant possessed a firearm during the robbery in 3466-2013. The Commonwealth noted that Appellant did not display a firearm during the robbery in 4089-2013. The Commonwealth indicated that Appellant gave a statement to police that he possessed a firearm during the robbery in 4089-2013. The trial court accepted Appellant pleas and, that same day, sentenced Appellant pursuant to the negotiated agreement. Appellant did not file a direct appeal.

On July 6, 2018, the PCRA court received the *pro se* PCRA petition that gives rise to this appeal.[3] Appellant captioned the petition under 4089-2013,

---

[2] 18 Pa.C.S. §§ 3701(a)(1)(ii).

[3] Appellant previously filed a timely first PCRA petition that was denied without an evidentiary hearing on September 4, 2013. He subsequently filed a petition for a writ of *habeas corpus* alleging he was detained without a written sentencing order. The court denied that petition on March 10, 2015. Appellant then filed a *pro se* "motion to proceed *in forma pauperis* pursuant to existing rights" in 4089-2013, which the PCRA court dismissed as a second PCRA petition on July 11, 2017. Therefore, we regard the instant petition as Appellant's third.

and the court docketed and filed the petition in that case. In the petition, Appellant asserted that he was illegally sentenced to a mandatory minimum sentence for visible possession of a firearm during the commission of robbery. *See* 42 Pa.C.S. § 9712(a) (setting forth a five-year mandatory minimum sentence for visible possession of a firearm) (held unconstitutional in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014)).

On August 2, 2018, the PCRA court filed Pa.R.Crim.P. 907 notices of intent to dismiss in 3466-2013 and 4089-2013. On August 29, 2018, the court entered orders in both cases dismissing the petition.[4]

Appellant filed timely notices of appeal in 3466-2013 and 4089-2103 and complied with the court's order to file and serve a Pa.R.A.P. 1925(b) statement. The PCRA court filed a responsive opinion.

As a preliminary matter, we are constrained to vacate the order dismissing Appellant's PCRA petition in 3466-2013. As noted above, Appellant filed the instant petition in 4089-2013. Appellant did not file a corresponding petition in 3466-2013. Because there was no petition for the PCRA court to dismiss in 3466-2013, the court's actions in that case were nullities.[5]

---

[4] In its order dismissing Appellant's petition, the PCRA court referred to Appellant's failure to file a response to its Rule 907 notices. However, the record shows that Appellant filed a *pro se* response that was docketed on August 22, 2018. The PCRA court addressed Appellant's response in its Pa.R.A.P. 1925(a) opinion.

[5] In any event, our reasons for affirming the August 29, 2018 order in 4089-2013 would still apply.

- 3 -

Because Appellant filed a timely notice of appeal from the order in 4089-2013, we will consider this appeal as it relates to 4089-2013.

Appellant raises the following questions for our review:

[1.] Does the statute, deemed unconstitutional by the High Court apply retroactively in Appellant's claims?

[2.] Did the [PCRA] court err in enhancing sentence, whereby failing to submit all elements of the charge to the fact finder for proof beyond a reasonable doubt?

Appellant's Brief at 6.

Appellant's issues are closely related, and we address them together.

Appellant asserts that

the PCRA [c]ourt erred in dismissing Appellant's PCRA petition by failing to apply **Alleyne** . . . , which held that under the Sixth (6th) Amendment to the United States Constitution, any facts leading to an increased mandatory minimum sentence are "elements" of the crime and must be presented to the jury and proven beyond a reasonable doubt. Due to the fact that these "elements of the crime must be "proven beyond a reasonable doubt," the new rule announced in **Alleyne** is a new element that must be proven.

Thus, the mandatory minimum statutes that Appellant was sentenced under are unconstitutional, and as such, [are]now beyond the Commonwealth of Pennsylvania's power to impose and continue to enforce.

**Id.** at 10 (citations omitted). Appellant contends that **Alleyne** stated a watershed rule of criminal procedure that should apply retroactively. **Id.** at 11.

Our standard of review for the dismissal of a PCRA petition is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." **Commonwealth v. Lawson**, 90

A.3d 1, 4 (Pa. Super. 2014) (citation omitted). This Court "may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted).

It is well-settled that "the timeliness of a PCRA petition is a jurisdictional requisite." *Commonwealth v. Brown*, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Moreover, a petitioner must file his petition within sixty days of the date the claim could have been presented.  *See* 42 Pa.C.S. § 9545(b)(2) (subsequently amended eff. Dec. 24, 2018).

When asserting an exception under Section 9545(b)(1)(iii), a petitioner may not rely on a new constitutional rule that does not apply to his conviction or sentence.  *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016).  For example, in *Miller v. Alabama*, 567 U.S. 460 (2012), the United States Supreme Court held that the imposition of a mandatory life-without-parole sentence on offenders under the age of eighteen constituted cruel and unusual punishment.  *See Furgess*, 149 A.3d at 93.  In *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the United States Supreme Court recognized that the right recognized in *Miller* applied retroactively.  *See Furgess*, 149 A.3d at 94. The *Furgess* Court held that *Miller* and *Montgomery* did not establish a time-bar exception for petitioners who were eighteen years of age or older when they committed the crime of murder and were sentenced to mandatory life-without-parole sentence.  *Id.*; *accord Commonwealth v. Hudson*, 156 A.3d 1194, 1198 (Pa. Super. 2017) (concluding that a defendant sentenced to twenty-five to fifty years' imprisonment as a juvenile could not invoke *Miller* as an time-bar exception under Section 9545(b)(1)(iii)), *appeal denied*, 170 A.3d 1007 (Pa. 2017).

Instantly, there is no dispute that Appellant's petition was untimely on its face. Appellant instead relies on **Alleyne** to establish a time-bar exception under Section 9545(b)(1)(iii). However, the record contains no indication that the Commonwealth requested a mandatory minimum sentence under Section 9712(a), or that the trial court imposed a mandatory minimum sentence.[6] Accordingly, Appellant's reliance on **Alleyne** is misplaced. **See Furgess**, 149 A.3d at 94.

Therefore, we agree with the PCRA court that Appellant's petition did not state an exception under Section 9545(b)(1)(iii). **See Lawson**, 90 A.3d at 4; **Wiley**, 966 A.2d at 1157. Because we find no error in the PCRA court's ruling, we affirm.

Order in 4089-2013 affirmed. Order in 3466-2013 vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/19

---

[6] We add that the trial court sentenced Appellant to ten to twenty years' imprisonment for robbery in 4089-2013. Because the sentence exceeded the five-year mandatory minimum sentence previously called for in Section 9712(a), the sentence did not violate **Alleyne**. **See Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015).