J. S14037/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID CARLTON PALMER, | : | No. 1607 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered May 8, 2019,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0001931-2008

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED APRIL 21, 2020**

David Carlton Palmer appeals ***pro se*** from the trial court's May 8, 2019 order denying his ***pro se*** motion to compel discovery.  For the reasons that follow, we vacate the trial court's order and remand for the appointment of counsel and further proceedings pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows:  On March 3, 2009, appellant was found guilty of first-degree murder and related offenses in connection with the June 6, 2007 shooting death of Jermaine Jackson in Chester, Pennsylvania. That same day, the trial court sentenced appellant to an aggregate term of life imprisonment without the possibility of parole.  A panel of this court affirmed appellant's judgment of sentence on May 26, 2010, and our supreme

court denied **allocator** on November 17, 2010. **See Commonwealth v. Palmer**, 4 A.3d 205 (Pa.Super. 2010) (unpublished memorandum), **appeal denied**, 13 A.3d 477 (Pa. 2010). Appellant did not initially file a PCRA petition in this matter. Thereafter, on May 6, 2019, appellant filed the instant **pro se** motion to compel discovery pursuant to Pennsylvania Rule of Criminal Procedure 573(a). The trial court denied appellant's motion on May 8, 2019. This timely appeal followed.[1]

"It is [] well-settled that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Fowler**, 930 A.2d 586, 591 (Pa.Super. 2007) (citations omitted), **appeal denied**, 944 A.2d 756 (Pa. 2008). Here, appellant's judgment of sentence became final on February 17, 2011, 90 days after our supreme court denied allowance of appeal and the deadline for filing a petition for writ of **certiorari** with the United States Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"). Accordingly, we treat appellant's May 6, 2019 **pro se** motion to compel discovery as a PCRA petition. **See**, **e.g.**,

---

[1] The trial court did not order appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b).

***Commonwealth v. Hoyer***, ___ A.3d ___, 2018 WL 914971 (Pa.Super. February 16, 2018) (unpublished memorandum) (treating petitioner's post-conviction motion to compel discovery as a PCRA petition); ***Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa.Super. 2011) (treating petitioner's post-conviction motion to correct illegal sentence as a PCRA petition), ***appeal denied***, 47 A.3d 845 (Pa. 2012).

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Here, the crux of appellant's claim, as gleaned from his brief and "rebuttal brief," is that the trial court erred in failing to grant his motion to compel discovery so that he may pursue relief through a PCRA petition. (***See*** appellant's brief at 6; appellant's rebuttal brief at unnumbered 1.) Appellant also takes issue with the fact that the trial court purportedly failed to file an opinion contemporaneously with its May 8, 2019 order denying his motion to compel discovery. (Appellant's brief at 7.)

Prior to consideration of the merits of appellant's arguments, we note that controlling case law dictates that appellant must be afforded the assistance of counsel to pursue his first request for PCRA relief in this matter. We explained in **Commonwealth v. Wiley**, 966 A.2d 1153 (Pa.Super. 2009), an appellant "is entitled to counsel for his first PCRA petition, regardless of the merits of his claim." **Id.** at 1159 (citation omitted). This holds true even where the petition appears untimely on its face, as is the case here.[2] **See Commonwealth v. Smith**, 818 A.2d 494, 501 (Pa. 2003) (holding that, "an indigent first-time PCRA petitioner is entitled to the assistance of counsel, whether or not the PCRA court ultimately concludes that the PCRA petition is untimely"). Rather, in such cases, counsel is appointed principally to determine whether the petition is indeed untimely, and if so, whether an exception to the timeliness requirements set forth in Section 9545(b)(1) applies. **Id.**

Instantly, the record establishes that appellant was not afforded the assistance of counsel in pursuing what amounts to his first PCRA petition in this matter, contrary to the law of this Commonwealth. Accordingly, we vacate the trial court's May 8, 2019 order and remand for the appointment of

---

[2] **See** 42 Pa.C.S.A. § 9545(b)(1) (indicating that all PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final, unless appellant pleads and proves that one of the following three statutory exceptions to the one-year jurisdictional time-bar applies).

counsel and further proceedings under the PCRA consistent with this memorandum.[3]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 04/21/2020

---

[3] In reaching this conclusion, we recognize that the docket indicates that appellant had a separate appeal pending at No. 1936 EDA 2019, involving a judgment of sentence imposed following his negotiated guilty plea on February 3, 2011 (CP-23-CR-0000538-2010). Appellant filed an untimely PCRA petition with respect to that matter on August 13, 2019, also without the benefit of counsel, which the PCRA court dismissed without a hearing. Said appeal was quashed as untimely by *per curiam* order of this court on February 19, 2020.