J-S29044-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD LYNCH, | : | |
| | : | |
| Appellant | : | No. 1534 EDA 2020 |

Appeal from the PCRA Order Entered July 10, 2020
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0315233-1985

BEFORE: PANELLA, P.J., KUNSELMAN, J. and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:         **FILED NOVEMBER 2, 2021**

Appellant Ronald Lynch appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petitions filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The relevant facts and procedural history have been set forth previously by this Court, in part, as follows:

> On February 12, 1986, a jury convicted [Appellant] of second-degree murder, robbery, and criminal conspiracy. [Appellant] was sentenced on November 10, 1986, to a total term of life plus 5 to 10 years' imprisonment. This Court affirmed his judgment of sentence on September 30, 1988. ***See Commonwealth v. Lynch***, 550 A.2d 250 (Pa.Super. 1988) (unpublished memorandum).[1] No petition for allowance of

---

[1] Relevant to this appeal, Appellant argued, *inter alia*, that "the failure of juror number twelve to disclose critical information during *voir dire* constitute[d] reversible error." **Lynch**, 550 A.2d 250 (unpublished memorandum at 21).
*(Footnote Continued Next Page)*

*Former Justice specially assigned to the Superior Court.

appeal was filed with the Pennsylvania Supreme Court. On October 20, 1988, Appellant filed his first PCRA petition. The court appointed counsel to represent Appellant, and counsel subsequently filed a "no-merit" letter on the basis that Appellant's petition was untimely. The PCRA court agreed, dismissed the petition on February 23, 2000, and permitted counsel to withdraw.

*Commonwealth v. Lynch*, 885 A.2d 578, 2622 EDA 2004 (Pa.Super. filed August 8, 2005) (unpublished memorandum at 1-2) (footnotes omitted). On May 20, 2004, Appellant filed a second PCRA petition. The PCRA court dismissed that petition. On appeal to this Court, we affirmed the dismissal order. *See id.*

Thereafter, Appellant filed multiple unsuccessful petitions seeking *habeas corpus* and PCRA relief based upon, *inter alia*, the same juror misconduct claim he had raised on direct appeal. Of relevance to the instant appeal, Appellant filed a PCRA petition on May 14, 2012, which the PCRA court dismissed as untimely filed on April 1, 2014. Appellant appealed the dismissal to this Court and on September 10, 2014, this Court dismissed that appeal because Appellant failed to file a brief.

On August 6, 2014, while the appeal from the dismissal of the 2012 petition was still pending before this Court, Appellant filed a petition for writ of *habeas corpus* with the lower court. Therein, he again sought relief based

---

Upon review, this Court concluded the trial court did not abuse its discretion in refusing to declare a mistrial based upon the juror's failure to disclose her prior interactions with two of Appellant's three co-defendants. *Id.* at 25.

upon the same claim of juror misconduct. The PCRA court treated it as a subsequent PCRA petition, but took no action at that time.[2]

On October 28, 2016, Appellant filed a PCRA petition, seeking reinstatement of his appeal rights *nunc pro tunc* from the order dismissing his 2012 petition. Appellant argued that the instant petition should be considered timely pursuant to the governmental interference and newly-discovered facts exceptions to the PCRA's time-bar because he did not learn until September of 2016 that his prior appeal had been dismissed for failure to file a brief. PCRA Petition, 10/28/2016, at 5.

On June 1, 2017, the PCRA court provided Appellant with notice of its intent to dismiss the 2014 and 2016 petitions without an evidentiary hearing.

---

[2] In the petition, Appellant contended that the relief sought could not be achieved via the PCRA. However, he argued that he was entitled to relief because his conviction or sentence resulted from a constitutional violation and ineffective assistance of counsel. Petition for Writ of *Habeas Corpus*, 8/6/2014, at 5 (quoting 42 Pa.C.S.A. §§ 9543(a)(2)(i), (ii) (setting forth the PCRA's eligibility requirements)).

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa.Super. 2013) (citations and footnote omitted). Thus, the PCRA court properly considered this a PCRA petition.

Specifically, it found the claim raised in the 2014 petition had been previously litigated and the 2016 petition was untimely filed. Appellant filed a response, objecting to the notice of intent to dismiss. On July 10, 2020, the PCRA court dismissed Appellant's 2014 and 2016 PCRA petitions. This timely *pro se* appeal followed.

On appeal, Appellant sets forth the following issues in his "Statement of questions presented" (verbatim):

I.   WHETHER the lower court erred where there existed jury misconduct including but not limited to perjury which a juror applied to participate in a murder case jury panel.

II.  WHETHER the common law Writ of *Habeas Corpus* was a legitimate venue which the CCP court could review the juror misconduct and fraudulent act and omission which prejudiced the out come of the deliberation and a fair verdict.

III. WHETHER all prior counsels were ineffective for failure to pursue the juror misconduct arguments as the legal error appears on the record/failure to appeal to the State Supr.Ct).

IIII. WHETHER the judge erred in not conducting a full evidentiary hearing to get to the bottom of over 40-plus years of basically *pro-se* litigation of a pure and ripe fundamental right that violated both the Federal and Pa. Constitutional right to a fair trial and verdict and that sect. (i) and (ii) p.2, of the PCRA states appellant was eligible for relief.

Appellant's Brief at 2.

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the

- 4 -

findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

***Commonwealth v. Nero***, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted). However, before reaching the merits of Appellant's claims on appeal, we must first determine whether Appellant's PCRA petitions were timely filed as this implicates our jurisdiction.

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

> [There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Marshall**, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted).

In the case *sub judice*, as this Court has previously held, "Appellant's judgment of sentence became final on October 31, 1988, after the time expired for filing a petition for allowance of appeal with our Supreme Court." **Lynch** 885 A.2d 578 (unpublished memorandum at 2) (footnote omitted). Appellant filed the instant PCRA petitions on August 6, 2014, and October 28, 2016, and therefore, they are patently untimely.

In his 2014 petition, Appellant mentions in passing that the writ was timely pursuant to the governmental interference exception. Petition for Writ

---

[3] Effective December 24, 2018, the legislature amended Subsection 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." **See** 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). The amendment to Subsection 9545(b)(2) only applies to "claims arising on [December] 24, 2017, or thereafter." **See id.**, cmt. Appellant filed the instant PCRA petitions on August 6, 2014, and October 28, 2016. Therefore, the prior version of Subsection 9545(b)(2) applies.

of *Habeas Corpus*, 8/6/2014, at 3. However, he merely argues the merits of the underlying juror misconduct claim and the ineffective assistance of counsel before summarily concluding that the relief sought cannot be obtained under the PCRA. *Id.* This is not sufficient to plead and prove a timeliness exception. Accordingly, the PCRA court was without jurisdiction to consider the 2014 petition and it did not err in dismissing it.[4]

In his 2016 petition, Appellant invoked the governmental interference and newly-discovered facts exceptions based upon his allegedly late learning that his prior appeal of his 2012 petition had been dismissed. We first consider whether Appellant has pleaded and proved the governmental interference exception.

> In order to establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. ***Commonwealth v. Abu-Jamal***, 596 Pa. 219, 941 A.2d 1263, 1268 (2008). In other words, a petitioner is required to show that but for the interference of a government actor "he could not have filed his claim earlier." ***Commonwealth v. Stokes***, 598 Pa. 574, 959 A.2d 306, 310 (2008).

***Commonwealth v. Vinson***, 249 A.3d 1197, 1205 (Pa.Super. 2021).

According to Appellant, he sought a status update of his PCRA appeal from the Court of Common Pleas on July 1, 2015. He received a response

---

[4] Although the PCRA court dismissed this petition as previously litigated, we may affirm the decision of the PCRA court if there is any basis in the record to support its action. ***See Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa.Super. 2009).

that his petition was still pending and that he would be notified of a decision. According to Appellant, this communication falsely led him to believe that his PCRA appeal was still pending before this Court despite being dismissed on September 10, 2014. Thus, based on governmental interference, Appellant contends, he was unaware that his PCRA appeal had been dismissed. PCRA Petition, 10/28/2016, at 3-5.

Upon review, we do not reach the same conclusion. Appellant attached the relevant communication to his 2016 petition. Specifically, on July 1, 2015, Appellant contacted the PCRA unit of the Court of Common Pleas of Philadelphia County for a "status of [his] pending writ/PCRA petition." PCRA Petition, 10/28/2016, at Exhibit D. There is a handwritten response at the bottom of the letter noting that the "petition is pending" and "when a decision is made [he] will be contacted." *Id.* Appellant claims that this communication with the Court of Common Pleas of Philadelphia County refers to the status of his appeal from the dismissal of his 2012 petition, which he incorrectly believed was still pending before the Superior Court at that time.

However, as discussed *supra*, Appellant filed a petition for writ of *habeas corpus*, seeking relief cognizable under the PCRA, on August 6, 2014, in the Court of Common Pleas of Philadelphia County. As of July 1, 2015, that 2014 petition was still pending in the PCRA court and a decision had not yet been made. Our review of the record indicates that it is much more likely that the July 2015 communication in fact referenced Appellant's 2014 petition and not

his prior appeal from the dismissal of his 2012 petition, as it requested a status update of his writ/PCRA, not an update of his appeal.

Thus, this communication did not interfere with Appellant's compliance with his briefing schedule on appeal from the 2012 petition. Consequently, Appellant has failed to plead and prove his entitlement to the governmental interference timeliness exception under Subsection 9545(b)(1)(i) for his 2016 petition.

We next consider Appellant's invocation of the newly-discovered facts exception. "The timeliness exception set forth in [Subsection] 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015). With regard to due diligence, we are guided by the following: "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Id**. (citations omitted).

In the case *sub judice*, Appellant did not allege that this Court failed to send him the briefing schedule or notice of dismissal concerning the appeal from his 2012 petition. Rather, he argued in his 2016 petition that the July 2015 communication from the Court of Common Pleas indicates some

confusion and that he never missed a filing date. PCRA Petition, 10/28/2016, at 3.

In support of the due diligence prong, Appellant relied on two communications. First, he cited the July 2015 communication with the lower court, which we already concluded did not pertain to the appeal from his 2012 petition. Second, he cited a September 22, 2016 letter to this Court, which resulted in this Court's September 27, 2016 response notifying Appellant that his PCRA appeal concerning the 2012 petition had been dismissed. PCRA Petition, 10/28/2016, at 4, Exhibit B. Upon review, we conclude that Appellant has neither established that he was unaware of the prior PCRA appeal dismissal or that he exercised due diligence in ascertaining the status of his PCRA appeal. Consequently, Appellant has failed to plead and prove his entitlement to the newly-discovered facts timeliness exception under Subsection 9545(b)(1)(ii) for his 2016 petition.

Because Appellant's petitions were untimely filed and he failed to plead and prove any of the timeliness exceptions, we affirm the PCRA court's order dismissing the PCRA petitions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: <u>11/02/2021</u>