J-S31011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MANUEL BAEZ | : | |
| | : | |
| Appellant | : | No. 493 EDA 2022 |

Appeal from the PCRA Order Entered January 25, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003914-2016

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 13, 2022**

Manuel Baez appeals *pro se* from the dismissal of his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  Since the petition was untimely, we affirm.

On December 16, 2016, Appellant entered a negotiated guilty plea to third degree murder and robbery in relation to the 2015 strangulation and robbery of Howard Baker.  *See* N.T. Guilty Plea Hearing, 12/16/16, at 8-13. After pleading guilty, Appellant immediately proceeded to sentencing where the trial court imposed the agreed-upon aggregate sentence of thirty to sixty

_____

[*] Former Justice specially assigned to the Superior Court.

years of imprisonment.[1] *Id*. at 12-23. Appellant did not file a post-sentence motion or direct appeal.

On June 9, 2017, Appellant submitted his first *pro se* PCRA petition. Appointed counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). After issuing Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court dismissed Appellant's petition and permitted counsel to withdraw. Appellant timely appealed. However, he failed to comply with the PCRA court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] Accordingly, we were unable to reach the merits of any issue presented by Appellant and affirmed the PCRA court's order on that basis. *See Commonwealth v. Baez*, 219 A.3d 253

---

[1] Appellant was sentenced to twenty to forty years of incarceration for the homicide and a consecutive ten to twenty years of imprisonment for the robbery.

[2] Appellant initially responded to the Rule 1925(b) order by submitting a second PCRA petition, which the PCRA court properly dismissed as premature. *See Commonwealth v. Beatty*, 207 A.3d 957, 961 (Pa.Super. 2019) (reiterating the established principle that a PCRA court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of a first PCRA petition is still pending). Appellant needed to choose either to appeal from the order denying his prior PCRA petition or file a new PCRA petition; he could not do both. Accordingly, this attempted petition had no effect on the timeliness of the instant petition. *See Commonwealth v. Porter*, 35 A.3d 4, 12 (Pa. 2012) (holding that the PCRA court does not have jurisdiction to place a serial petition in repose pending the outcome of an appeal in the same case). It was not until the following year that Appellant finally submitted a late Rule 1925(b) statement.

(Pa.Super. 2019) (non-precedential decision). On February 5, 2020, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Baez**, 224 A.3d 717 (Pa. 2020).

On November 3, 2020, Appellant filed a *pro se* motion requesting the appointment of counsel, which the PCRA construed as a second PCRA petition and appointed counsel. Thereafter, appointed counsel submitted a **Turner**/**Finley** no-merit letter, contending that all the claims raised within Appellant's current and prior PCRA petitions were meritless. On January 25, 2022, the PCRA court issued Rule 907 notice of its intent to dismiss the petition without a hearing and granted counsel's petition to withdraw. Having received no response from Appellant, on February 17, 2022, the PCRA court dismissed Appellant's second PCRA petition as meritless. Appellant *pro se* timely filed a notice of appeal and the PCRA court issued an order directing Appellant to file a Rule 1925(b) statement. **See** Order, 2/17/22. Appellant did not file a concise statement.

On appeal, Appellant raises multiple substantive issues for our review.[3] **See** Appellant's brief at unnumbered 2. The PCRA court opined that Appellant again waived all his claims by failing to file a court-ordered Rule 1925(b) concise statement. **See** PCRA Court Opinion, 5/10/22, at 1. However, we must first determine whether Appellant's PCRA petition satisfies the PCRA's

---

[3] We note that Appellant's brief does not contain a statement of questions. **See** Pa.R.A.P. 2111(a)(4); **see also** Pa.R.A.P. 2101 (stating that the court may dismiss an appeal where briefs fail to conform with the requirements of the Rules of Appellate Procedure).

timeliness requirements, since no court has jurisdiction to review an untimely PCRA petition. **Commonwealth v. Albrecht**, 994 A.2d 1091 (Pa. 2010). In order for a petition to be timely under the PCRA, it must be filed within one year of the date that a petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1).

Appellant's judgment of sentence became final on January 16, 2017, when the period for filing a direct appeal expired. 42 Pa.C.S. § 9543(b)(3). Consequently, Appellant had until January 16, 2018, to file a timely PCRA petition. **Id**. at § 9545(b)(1). However, Appellant did not file the instant PCRA petition until February 24, 2020. Thus, Appellant's petition, filed more than three years after his judgment of sentence became final, is patently untimely. Accordingly, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. § 9545(b)(1),[4] we cannot address the claim he asserts therein.

_____

[4] These exceptions are:

> (i) The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

Appellant did not allege below or in this appeal any exceptions to the time-bar. Therefore, Appellant has not satisfied his burden of establishing that the PCRA court erred when it dismissed Appellant's second petition. ***See Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa.Super. 2009) (holding that this Court "may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action[.]"). Since neither the PCRA court nor this Court has jurisdiction to consider the merits of the claims raised in an untimely PCRA petition, we affirm.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/13/2022*

---

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).