J-A29017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ANTHONY MARTINEZ GIDDENS :
:
Appellant : No. 1520 WDA 2021

Appeal from the PCRA Order Entered December 2, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000506-2018,
CP-25-CR-0000636-2018

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: JANUARY 27, 2023**

Appellant, Anthony Martinez Giddens, appeals from the order entered on December 2, 2021, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly set forth the facts and procedural history of this case as follows.  On June 25, 2018, Appellant pled guilty to robbery and possession of a controlled substance at docket number 506-2018 and to robbery and criminal mischief at docket number 636-2018.[1]  The trial court sentenced Appellant at both dockets on August 14, 2018.  More specifically, the trial court sentenced Appellant to two to 10 years of incarceration at docket number 506-2018.  Consecutive to that sentence, the trial court sentenced

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(iv), 35 P.S. § 780-113(a)(16), 18 Pa.C.S.A. § 3701(a)(1)(iv), and 18 Pa.C.S.A. § 3304(a)(5), respectively.

Appellant at docket number 636-2018 to 2 to 10 years of incarceration. As such, Appellant received an aggregate sentence of four to 20 years of imprisonment. Appellant did not file a direct appeal.

Appellant filed a PCRA petition on June 29, 2020. The PCRA court denied relief on January 15, 2021. Currently at issue, Appellant filed *pro se* a second PCRA petition on October 4, 2021. On October 5, 2021, the PCRA court issued a notice of intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907, with a corresponding opinion. On December 2, 2021, the PCRA court entered an order dismissing Appellant's second PCRA petition. This timely *pro se* appeal resulted.[2]

---

[2] Appellant filed a *pro se* notice of appeal on December 12, 2021. The PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a). Appellant complied timely after the grant of an extension. On February 2, 2022, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) which relied upon its earlier Rule 907 decision issued on October 5, 2021. Appellant filed a *pro se* brief with this Court. Appellant subsequently retained counsel who filed an application with this Court to hear the case at oral argument. We granted counsel's request for oral argument, however, we are constrained to rely on Appellant's *pro se* brief as there was no request to supplement, supplant, amend or withdraw the original filing.

Furthermore, we note that on January 11, 2022, this Court entered an order directing Appellant to show cause why the instant appeal should not be quashed for failing to comply with our Supreme Court's directive in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) requiring the filing of separate notices of appeal when a single order resolves issues arising on more than one lower court docket. Appellant and retained counsel addressed this issue and we discharged the order to show cause on January 21, 2022. Upon review of the certified record, we conclude that the PCRA order entered on December 2, 2021 lists both trial court dockets, but notified Appellant that he had 30 days to file his "notice" of appeal. This Court has previously concluded
*(Footnote Continued Next Page)*

We briefly summarize Appellant's contentions on appeal as follows. Appellant generally claims that trial counsel provided ineffective assistance of counsel by inducing him to plead guilty. More specifically, Appellant asserts that trial counsel promised that if Appellant pled guilty his sentences at both docket numbers would be imposed concurrently, rather than consecutively, and that he would be immediately eligible for boot camp. **See** Appellant's Brief at 16. Appellant maintains that the Commonwealth "did not contest the imposition of a 2½ to 5 year[] concurrent sentence as to the respective robbery counts." **Id.** at 5. Appellant alleges that during "the same time-frame" that he was negotiating his guilty plea with the Commonwealth, "between March 23, 2018 through July 23, 2018, the Pennsylvania State Police ("PSP") in conjunction with the Pennsylvania Disciplinary Board, were conducting a lengthy probe into [trial counsel] for a variety of bad criminal acts while practicing as an attorney in Erie County between January of 2014 through January of 2020[.]" **Id.** at 25. Appellant argues that "[u]pon conclusion of this investigation, the PSP filed felony counts of forgery, theft, and other related charges" against trial counsel who ultimately "pled guilty to [f]orgery and [t]heft charges on November 3, 2020, and was sentenced on February 10, 2021." **Id.** Appellant claims that he learned this information on

that a breakdown in the court system occurs when a PCRA court advises a petitioner that they may pursue a single notice of appeal, even though the order appealed from disposed of a PCRA petition pending at two separate dockets. **See Commonwealth v. Stansbury**, 219 A.3d 157, 160 (Pa. Super. 2019). Because the PCRA court misinformed Appellant regarding his appellate rights, we decline to quash Appellant's current appeal.

- 3 -

May 10, 2021, when a friend sent him newspaper articles pertaining to trial counsel. *Id.* In turn, Appellant "maintains that he filed the instant PCRA [petition] on October 4, 2021, within one-year of his receipt of these newspaper articles, accusing [trial counsel] of keeping clients' money and trust money, and taking other clients' money for services not performed[.]" *Id.* at 26 (brackets added; emphasis omitted).

Before considering the merits of a PCRA petition, we must first determine whether it is timely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). Judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "The timeliness requirements of the PCRA are jurisdictional in nature, and courts cannot address the merits of an untimely petition." *Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021). "Further, it is well-settled that couching a petitioner's claims in terms of ineffectiveness will not save an otherwise untimely filed petition from the application of the time restrictions of the PCRA." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted). "[T]he question of whether a PCRA petition is timely raises a question of law." *Commonwealth v. Reid*, 235 A.3d 1124, 1166 (Pa. 2020), *citing Commonwealth v. Fahy*, 959 A.2d 312, 316 (Pa. 2008) ("Questions

- 4 -

regarding the scope of the statutory exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*.").

Here, because Appellant was sentenced on August 14, 2018, and he did not file a direct appeal, his judgment of sentence became final on September 13, 2018, when the 30-day time period for filing a direct appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 903 (notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"). As such, Appellant had until September 13, 2019, or one-year after his judgment of sentence became final, to file a timely PCRA petition. Appellant, however, did not file the current PCRA petition until October 4, 2021. Accordingly, Appellant's PCRA petition is patently untimely.

There are, however, three exceptions to the one-year PCRA time-bar, set forth at 42 Pa.C.S.A. § 9545(b)(1). The petitioner must allege and prove that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

In this case, the PCRA court determined that Appellant failed to satisfy the unknown facts exception to the PCRA because Appellant did not plead or prove that trial counsel's alleged criminal activities related to, or otherwise impacted, Appellant's defense. **See** PCRA Court Opinion, 10/5/2021, at 1. Instead, Appellant generally complains that trial counsel engaged in "a variety of bad criminal acts while practicing as an attorney" during the same time frame as Appellant's plea. We find Appellant's suggestion that evidence of trial counsel's criminal activities was unknown to him is irrelevant because the fact remains that Appellant would have known, at the time of sentencing, that he did not receive the sentence he suggests was promised to him. **See Commonwealth v. Lambert**, 884 A.2d 848, 856 (Pa. 2005) ("[B]ecause the facts underlying this claim were known or knowable to appellant, it does not qualify under the newly discovered evidence exception and, thus, is untimely."); **see also Commonwealth v. Wiley**, 966 A.2d 1153, 1157 (Pa. Super. 2009) ("We may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm."). Accordingly, we agree with PCRA court's assessment that Appellant's most recent PCRA petition was untimely and not subject to an exception under the PCRA, and, therefore, the

PCRA court lacked jurisdiction to reach the merits of Appellant's PCRA petition.

As such, we discern no error in dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/27/2023